No. 6668

THE STATE EX REL. J. F. HOYA v. H. F. DUNSON ET AL.

1. MUNICIPAL CORPORATION NOT DISSOLVED BY FAILURE TO ELECT OFFICERS.—A municipal corporation is not dissolved by the failure to elect officers.

2. RE-ORGANIZATION OF CORPORATION.—The laws in force since the adoption of the Revised Statutes do not provide for the re-organization of any municipal corporation by the acceptance of the general law in lieu of a former charter, whereby the former corporation is

*practically* dissolved, in any manner other than that prescribed in article 340 of the Revised Statutes.

3. SAME.—Any effort on part of the inhabitants of territory within an existing corporation otherwise than as so provided, is without authority, and of no legal effect. So, also, any effort to increase the boundaries of such corporation otherwise than as provided by existing statutes.

4. SAME.—A reorganization in 1887 of the territory of a town incorporated in 1859, under the act of January 27, 1858, was void.

5. QUO WARRANTO.—The district courts have jurisdiction in such cases testing the validity of such reorganization.

APPEAL from Nacogdoches. Tried below before the Hon. J. I. Perkins.

This suit is an information in the nature of a quo warranto filed by Robert H. Morris, district attorney of the second judicial district on the relation of J. T. Hoya, by permission of the Hon. James I. Perkins, judge of said district, against H. F. Dunson, E. M. Brown, David Lee, George H. Davidson, Ben S. Wettermark, August Olfenbuttle and John S. Doughtie.

The information charging in substance that the town of Nacogdoches was incorporated in 1837, various amendments thereafter, and that in 1859 said corporation was reorganized and is still a valid and subsisting corporation, never having been abolished or dissolved.

That the respondents under color and form of law have usurped the offices of mayor, aldermen and marshal of the town of Nacogdoches, and are exercising the same without warrant or authority of law to relator's damage one thousand dollars, and that the boundaries of the corporation attempted to be set up under color and form of law are so uncertain as to make void the proceedings thereunder.

A demurrer to the jurisdiction was overruled and a general demurrer to the information was sustained. Motion for a new trial being overruled the case is appealed to the supreme court. The opinion states the facts.

*George F. Ingraham* and *W. G. Ratcliff,* for appellant, cited Acts of Congress of Texas, vol. 1, p. 238; vol. 2, p. 12; vol. 3, p. 106; vol. 6, p. 14.

Special laws of Legislature vol. 2, p. 389; vol. 3, p. 57; vol. 4, p. 110; O. & W. Digest, arts. 1992 to 2026 inclusive, and arts. 2033, 2034, 2035, 2036 and 2037.

Dillon on Mun. Corp. 2 ed., secs. 109, 110, and note 1, pp. 111, 112; Lea v. Hernandez, 10 Texas, 137, to be considered with reference to note 1 to sec. 110, Dillon on Mun. Corp., and authorities therein cited; Angell & Ames on Corp., sec. 771 and cases cited; People v. Fairbury, 51 Illinois, 149; Paschal's Dig., arts. 5247 to 5281 inclusive; Rev. Stats., title 17, chap. 11, and arts. 540 and 541, and art. 353.

*Jennings, Lewis & Mathews,* for appellees: The act of the Repu lic of Texas, passed the fifth day of June, 1837, incorporating the town of Nacogdoches, and the amendment of the same on the second day of November, 1837, having been repealed by the act of the sixteenth of March, 1848, incorporating said town, and the act of January 28, 1850, amending the second section of the same, and the act of the eleventh of February, 1852, supplementary thereto having been renounced by the organization of the corporation in 1859 under the forty-second section of the general incorporation act of the Legislature of 1858, and the corporation as organized in 1882, by reason of the failure to hold any election or have any officers acting by right or de facto from some period in 1882 until the election in January, 1888, was dissolved and ceased to be operative. (O. & W. Dig., arts. 2033, 2034, 2035, 2036 and 2037; Lea v. Hernandez, 10 Texas, 137.)

If the corporation of the town of Nacogdoches as organized in 1859, has not been dissolved, and is still in existence, as contended by appellants, then by reason of the non user and the failure to elect officers and keep the same in operation, the said corporation has been suspended, and the elections in January and February, 1888, were, and are a revival or reorganization of the same.

The information shows that between the dates of 1882 and January, 1888, there was no election for officers, and none acted. (Dillon Mun. Corp., 3 ed., sec. 174.)

The inhabitants of the town of Nacogdoches had the right to incorporate under the general laws of 1879, and to accept the same in lieu of any previously existing charter.

The information shows that on the twenty-sixth day of December, 1887, a petition with the requisite number of names of qualified voters living within the territory therein described, was filed with the county judge, for an election, that on the twenty-sixth day of January, 1888, an election was duly and

properly held in said territory, submitting the issue as to whether the inhabitants of said territory should be incorporated, that a majority was in favor of it, that there were more than one thousand inhabitants residing in said territory, and less than ten thousand. (Rev. Stats., Title 17, chap. 11; Acts 17 Leg., p. 63, chap. 58.

The district court has no jurisdiction of a suit by quo warranto at the instance of a private relator brought for the purpose of attacking the validity of a municipal corporation without specific allegations of facts showing how he can be affected to the extent of five hundred dollars. (Constitution, art. 5, sec. 8; Id., art. 12, sec. 4; State ex rel. Jennett v. Owens, 63 Texas, 265, and cases therein cited; State v. DeGress, 53 Texas, 394, 398; Morris & Cummings v. State ex rel. Gussett, 62 Texas, 728.)

STAYTON, CHIEF JUSTICE. This is a proceeding in quo warranto, against persons exercising the offices of mayor, alderman and marshal, of the town of Nacogdoches.

The town of Nacogdoches, doubtless, had a corporate existence while the territory within this State was under the dominion of the governments of Spain and Mexico; and the petition alleges several acts of the Congress of the Republic and of the Legislature of this State incorporating or amending the charter of the town, but it shows that at various times the municipal organization was not kept up by the election and qualification of the necessary municipal officers.

The relator alleges that the town was re-incorporated or reorganized in the year 1859, under the general law providing for the incorporation of towns and cities, passed on January 27, 1858 (Paschal Digest, 5247, et seq.); and that since that reorganization at intervals the corporate organization was kept up until June, 1877.

The petition further alleges that in 1887 the necessary steps, under the general law now in force, were taken to incorporate a town or city originally, under a petition signed by the requisite number of persons, and that under the proceedings thus taken the town was attempted to be incorporated with boundaries larger than were they under the incorporation alleged to have been completed in the year 1859.

The respondents are alleged to claim the right to discharge the duties of mayor, aldermen and marshal, of the town under an election valid, if the incorporation thus attempted was

legal. It is claimed, however, that the corporation created in 1859, yet exists, and that the steps taken in 1887 did not give valid incorporation, by reason of the fact that a valid corporation existed when this attempt to incorporate under general law now in force was made.

It further appears that the corporate organization completed under the act of 1858, was not kept up after the year 1882, and that within the boundaris of the corporation, as defined in the proceedings had in 1887, there were more than one thousand, and less than ten thousand inhabitants. The court sustained demurrers to the petition and dismissed the case, holding, however, that the court had jurisdiction of the case made by the petition. We think the facts stated in the petition were sufficient to give the court jurisdiction.

The question in the case is: whether the proceedings alleged to have been had in 1887 created a corporation; for, if the affirmative of this be not true, then the respondents have no right to exercise the powers they assume to exercise. The proceedings had in 1887, were doubtless under the act of January 27, 1858, which provided for the reorganization of towns and cities already incorporated, as well as for original incorporations. (P. D., 5248, 5261, 5277.) Under that act the same proceedings were necessary to reorganization as were required in case of original incorporation. The act of February 4, 1858, (P. D., 5279) gave to the inhabitants of a town or city, reorganizing under the act of January 27, 1858, the power to increase or diminish the area of the corporation, provided that in case of a town it should not be made to embrace more than twelve hundred and eighty acres. (P. D., 5279, 5281.)

The act of April 24, 1874, recognized the power of the inhabitants of a municipal corporation to amend its charter and to extend its boundaries, and made provisions exempting persons residing in territory so attached, from taxation to raise funds to pay pre-existing debts, unless this was consented to by two-thirds of the tax payers embraced in the extension. (P. D., 7798, 7802.)

All general laws relating to the incorporation of towns and cities in force prior to the adoption of the Revised Statutes were thereby repealed, unless substantially embraced therein. (Rev. Stats., final title, sec. 4.)

The act of January 27, 1858, and laws amendatory, made reorganization to operate as a dissolution of the former corpora-

tion, preserving, however, all property rights; and whether reorganization should be made was left to the will of the people, to be expressed at an election.

The act of March 15, 1875, which was incorporated in the Revised Statutes, changed the method by which a town or city already incorporated might surrender its corporate existence and reincorporate under that general law. The Revised Statutes provide that this may be done by a two-thirds vote of the city council of such city. (Rev. Stats., art. 340.)

A further change was made by the act, now made a part of the Revised Statutes, in that in the reorganization of a city the boundaries, as determined by the former charter, remain, unless additional territory be added at the desire of a majority of the qualified voters residing within the territory to be added. (Rev. Stats., arts. 343, 503.)

Looking to the constitutional provisions bearing upon the subject, to the entire legislation contained in title 17, Revised Statutes, and the act of March 26, 1881 (Gen. Laws 1881, p. 63), it would seem to have been intended to do away with any distinction between cities and towns in all cases in which the territory to be incorporated embraces more than one thousand and less than ten thousand inhabitants. In such cases, whether the corporation shall be styled a city or town depends on the arbitrary will of the inhabitants expressed in the application for incorporation.

The law in force since the adoption of the Revised Statutes does not provide for the reorganization of any municipal corporation by the acceptance of the general law in lieu of a former charter, whereby the former corporation is practically dissolved, in any manner other than that prescribed in article 340, Revised Statutes. That procedure was not followed in the attempted reorganization of the town of Nacogdoches made in 1887.

The inhabitants of a given territory have no inherent power to create therein a municipal corporation. This can be done only by a special act of the Legislature, or by compliance with the general law providing the manner in which the inhabitants may give life to such a corporation. The inhabitants of a municipal corporation are as powerless to dissolve it, unless this be done in the mode prescribed by law, as are they to create such a corporation in a mode not prescribed by law.

The petition shows that the town of Nacogdoches was duly

incorporated under the act of January 27, 1858, and that corporation must be deemed to exist until in some manner known to the law it is dissolved.   The inhabitants may have failed to elect proper officers since the year 1882, but under the great weight of authority this does not operate a dissolution.   (Dillon on Municipal Corporations, 166.)

The inhabitants of the town still have the capacity to elect the requisite municipal officers; and the manner in which such election may be ordered and held, if not expressly provided in the law under which incorporation was had, is provided for by general laws now in force in this State.   Such officers existing, the inhabitants of the town, by a two-thirds vote of the town council, may incorporate under the general law now in force, and such action will repeal all former charters, whether existing under special act or by virtue of the general law enacted January 27, 1858.

There is no doubt that the Legislature might have provided that the inhabitants of an incorporated town might, by a majority vote, accept incorporation under the general law, as was done by the act of January 27, 1858, and thereby repeal the former charter; and it would seem that this would be more in harmony with the spirit of our institutions than is the mode provided by article 340, Revised Statutes.   This was, however, a matter for the consideration of the Legislature, and a town or city already incorporated and desiring to reincorporate under the general law must, to accomplish that, follow the mode now prescribed.   If that course had been pursued, the corporation would, however, be restricted to the boundaries prescribed in the proceedings had under the act of January 27, 1858, and to attach other territory it would be necessary that the inhabitants thereof should comply with articles 343 and 503, Revised Statutes, and that the town council by ordinance receive the additional territory.   Nothing of this kind was done; but, so far as appears from the record, persons living within and without the corporate limits attempted, in their own way, to incorporate a town to embrace land not within the existing corporation.   Had the proceedings provided by article 340, Revised Statutes, been carried out, this would have given valid reincorporation with boundaries as before, and those living without those boundaries could not have been brought within the corporation otherwise than by the consent

of the majority of the voters living within the territory that might be legally brought within the corporation.

We are of the opinion that the proceedings alleged to have been had in 1887 did not create a corporation, or in any manner dissolve the corporation created in 1859, and that the respondents are not entitled to exercise the powers they are alleged to have assumed. If they had been elected by the qualified voters resident within the corporation at the time the election was held, there would be no good reason why they should not be permitted to exercise the powers conferred upon such officers by the general law under which the town was incorporated in 1859, restricted to the boundaries then incorporated. They, however, were not elected by voters resident within the corporate limits, but by a majority of the voters resident within an area three times as large as were the corporate limits. If the facts alleged are true, the respondents can not be considered officers of the town of Nacogdoches.

The demurrer should have been overruled, and, on account of the adverse ruling, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 12, 1888.