W. C. Buford et al. v. The State of Texas.

No. 2551.

1. **Municipal Corporation—Non-User.**—The failure to elect officers by a municipal corporation does not dissolve the corporation. Lea v. Hernandez, 10 Texas, not followed.

2. **Incorporation.**—Independent of legislative will the inhabitants of a given territory have no right to incorporate themselves.

3. **Reorganizing—Enlarging Corporate Limits.**—In reorganizing and in enlarging the corporate limits the statutes providing therefor must be followed. Rev. Stats., arts. 340, 343, 503.

4. **Illegal Municipal Organization and Election.**—The town of Henderson was reincorporated by act of the Legislature May 16, 1871. After some years the election of officers ceased. In 1888 a reorganization was attempted, as in case of an original incorporation (Act of July 1, 1881), and with limits greatly enlarged. Under this reorganization the inhabitants within the enlarged limits elected officers. On an information in nature of quo warranto, *held* that the officers so elected could not legally hold the offices to which they were attempted to be elected.

Appeal from Rusk. Tried below before Hon. J. G. Hazlewood.

The facts are stated in the opinion.

*W. C. Burford* and *J. H. Wood*, for appellants, cited Lea v. Hernandez, 10 Texas, 137; Bryan v. Sundburg, 5 Texas, 418; Rogers v. Watrous, 8 Texas, 62; Holland v. State, 1 Ct. App., 226; 2 Wait's Act. and Def., 349.

WALKER, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court of Rusk County removing the appellants from the offices they had been holding as mayor and aldermen of the town of Henderson.

Information was filed August 4, 1888, against the appellants by the district attorney for the purpose of testing the validity and legality of the existing corporation of the said town, the validity of the authority of the municipal officers, and in view of the several acts of incorporation by the Legislature to ascertain the status of said town as to her corporate franchise.

It appears that by Act of the Legislature, approved February 12, 1852, the town of Henderson was incorporated with limits extending "one mile square, so laid off as to leave the public square in the center of said corporation." Under this act the municipal government was organized. After several years the inhabitants ceased to elect officers.

It appears that in 1861 and in 1866 organizations were attempted, and so far as the people of the town had the power they reorganized their city government.

May 16, 1871, an Act of the Legislature of the State was approved incorporating the town of Henderson, in Rusk County, with limits extending "one-half mile in every direction from the court house on the public square of the town in the center of the corporate limits."

This act provided for the appointment of the officers until the next regular election provided for in the act for the election of the mayor and aldermen. Officers were appointed and qualified. After several years the elections were not held and the town was without officers. In 1875 an effort was made by the inhabitants to create a new town government under the general laws for the original organization of cities and towns. This organization soon lapsed.

In 1888 another effort was made to secure a government. The proposed limits were "two and one-half miles square, the center of the court house in said town being the center of said square." The proceedings were regularly taken as in an original organization. Under this new organization the appellants were elected by the voters within the two and one-half miles square included within the elected boundaries.

The district judge held the charter of 1852 as still existing in full force, declared the proceedings in 1888 under which the appellants were elected to be void, and by decree removed them from the offices they claimed.

The only question in the case is whether the reorganization of the town of Henderson in 1888 was legal. Upon it depends whether the appellants were duly elected to the offices they claim.

As these proceedings were regular if there was no existing corporation, the issue is reduced to the further inquiry whether there was such obstacle.

It appears that the town was incorporated in 1852 by Act of the Legislature, with limits one mile square, the court house in the center.

Passing the proceedings in 1861 to 1866, the Act of May 16, 1871, incorporated the town with slightly reduced limits, if literal effect be given the words describing its extent. This act while not in terms repealing the act of 1852, did have the effect of supplying a new municipal government for the identical territory, except the corners of the square not included in the circle of same diameter and centre. This was inconsistent with and repealed the charter of 1852.

It is shown that for several years prior to the election in 1888 there had been no officers elected; in fact no city government or officials. The town included over one thousand and less than ten thousand inhabitants.

To such facts our court, in 10 Texas, 137 (Lea v. Hernandez), gave the effect of evidencing a civil death—a dissolution of the corporation. This, however, has not been followed, though the case was not expressly overruled in 42 Texas, 659, Blessing v. City of Galveston. In the latter case it was held that the power to create municipal corporations in this State being in the Legislature the inhabitants can not withhold their consent to the existence of the charter nor veto the law by neglect or refusal to act under it. Justice Moore, citing Dillon, section 23, from which we cite: " Over such corporations the Legislature unless restrained by the Constitution has entire control, and unless otherwise provided in the act itself or a different intention be manifested, the public corporation is legally constituted as soon as the incorporating act declaring it to exist goes into effect." Again, in Dillon on Corporations, section 166: "Hence it is the people of the locality who are erected into a corporation, not for private but for public purposes. The corporation is mainly and primarily an instrument of government. The officers do not constitute the corporation or an integral part of it. The existence of the corporation does not depend upon the existence of officers."

The mode of granting charters and the general limitations upon their powers are parts of the State Constitution. Art. 11, secs. 3–6.

In the recent case of The State v. Dunson et al., from Nacogdoches, 71 Texas, 65, it was held directly that non-user or the failure to elect officers for a series of years did not dissolve the corporation of Nacogdoches created by Act of the Legislature.

'The court held further, that independent of the legislative will the inhabitants of any given territory have no right to incorporate themselves, nor when incorporated can they destroy the corporation save in the manner prescribed by law.

The Revised Statutes, article 340, provide for reorganizing upon a two-thirds majority vote of the town council adopting the general incorporation act.

To increase the territorial limits not to exceed half a mile an election

by the inhabitants of the territory proposed to be annexed must initiate the movement, followed by approval by the council. Rev. Stats., arts. 343, 503.

The election of the appellants by the voters of the two and one-half miles square of territory, as well within as outside the limits of one-half mile each way from the center of the court house, was not held in accordance with law. They are not legal officers. The organization in 1888 was without authority of law.

The judgment of the court below will be affirmed, but not upon the grounds given by the trial judge. It is here held that the Act of 1871 is the existing charter of the town, under which any organization must be taken and held.

*Affirmed.*

Opinion November 30, 1888.