## T. J. LARGEN ET AL. v. THE STATE, EX REL. W. B. ABNEY.
### No. 2769.

1.  **Dissolving Municipal Organizations.**—There is nothing in the legislation of the State to intimate an intention to permit existing corporations to incorporate under the general law, and thus dissolve the existing corporation, in any other manner than that prescribed in the Act of March 15, 1875 (Rev. Stats., art. 340), and amendment thereto, March 27, 1885 (Sayles' Civil Stats., art. 340b).

2.  **Cases Adhered to.**—The State v. Dunson, 71 Texas, 65; and Buford v. The State, 72 Texas, 182, adhered to.

3.  **Jurisdiction—Amount.**—See allegations held sufficient to show jurisdiction of the District Court in absence of an averment of value, where the question was first raised on appeal.

4.  **Case in Judgment.**—The town of Lampasas was incorporated under an act of the Legislature, April 18, 1873.   At an election held in the spring of 1876 a city council was elected favorable to a dissolution of the corporation.   The council settled up the city business and resigned, after having passed an ordinance declaring the offices, etc., vacant thereafter.   *Held*, that such attempted dissolution was ineffectual, and that an organization *de novo* in 1883 was void.

APPEAL from Lampasas.    Tried below before Hon. W. A. Blackburn. The opinion discloses the case.

*W. E. Atkins* and *J. J. Hill,* for appellants.—It is believed that the corporation of 1873 was abolished by the proceedings set forth in appellants' answer, by the action of the voters of said city, and by the action and proceedings of its constituted authorities. The cases of The State v. Dunson, 71 Texas, 65, and Buford v. The State, 72 Texas, 182, cited by appellants' counsel, are not believed to be conclusive of this. These cases are not like this in many and we think material particulars; and since they are cited as conclusive against us, we beg leave to note and press upon the attention of this court wherein they differ from the case at bar.

1. In those cases there were no proceedings to abolish the old corporations. In the case at bar there were.

2. Before the old corporations of Nacogdoches and Henderson ceased to exercise corporate functions, a statutory mode had been provided for the abolishment of municipal corporations in towns of their size. Up to the time the old corporation of Lampasas ceased to exercise corporate functions, to-wit, March 20, 1876, there was no statutory mode provided for the abolishment of municipal corporations in towns of its size.

3. Proceedings were begun almost immediately after the organization of the new corporations of Nacogdoches and Henderson to have them declared void. In the case at bar nearly seven years elapsed.

4. It does not appear that the pretended corporations of Nacogdoches and Henderson were ever acquiesced in by any one. On the contrary, suits were begun almost at once to have them declared void. With us the inhabitants within the corporate limits of both the old and the new city of Lampasas accepted, acquiesced in, and acknowledged the present corporation for nearly seven years.

5. A few years only—three or four, or probably five years—had intervened from the periods when the corporations of Nacogdoches and Henderson had been in the exercise of their corporate functions to the times when suits were brought to have the pretended corporations declared void. With us the old corporation of 1873 had exercised no corporate function from March 20, 1876, to the time of the institution of this suit, a period of nearly fourteen years.

In The State v. Dunson, the court say: "The corporate organization * * * was not kept up after the year 1882." Again: "The inhabitants may have failed to elect proper officers since the year 1882." In Buford v. The State, the court say: "It is shown that for several years prior to the election of 1888 there had been no officers elected; in fact, no city government or officials."

6. It does not appear that the pretended corporations of Nacogdoches and Henderson had assumed any great responsibilities, as is the case with the present corporation of Lampasas. It does not appear that they had contracted debts and issued bonds in large amounts.

7. It does not appear that the old corporations of Nacogdoches and

Henderson had served the purposes for which they were created, and had become useless. The answer of appellants sets forth these facts, which must be taken as true.

*W. H. Browning,* district attorney Twenty-seventh District, and *W. B. Abney,* for appellee.—The charter of the city of Lampasas granted by special act of the Legislature on April 18, 1873, could only be repealed or dissolved in one of two ways, to-wit: First—By an act of the Legislature. Second—By a vote of two-thirds of the qualified electors within said city after two-thirds of the city council had voted to accept the general incorporation law in lieu of the charter of April, 1873. The State v. Dunson, 71 Texas, 65; Buford v. The State, 72 Texas, 182.

STAYTON, CHIEF JUSTICE.—The nature of this proceeding, as well as the defenses, are thus stated in brief for appellants:

"This is a suit in the nature of a proceeding quo warranto, instituted in the District Court of Lampasas County on the 4th day of November, 1889, in the name of the State of Texas, by information of the district attorney for said county upon the relation of W. B. Abney, against the appellants T. J. Largen et al., to oust them from their respective offices as mayor, aldermen, etc., of the city of Lampasas, on the ground that they had usurped, intruded into, and unlawfully held and were exercising said offices. The information charges that the city of Lampasas, as organized at present, has no legal existence. That in 1873 the city of Lampasas was incorporated by act of the Legislature, and organized as a municipal corporation under said act. That said corporation continued its organization until 1876, when all of its officers resigned. That since 1876 there has been no corporate organization of the said city of Lampasas, but that said corporation had not been dissolved. That in 1883 the city of Lampasas was incorporated, or pretended to be incorporated, under the statutes providing for the incorporation of towns and cities of over 1000 and less than 10,000 inhabitants, without any reference to said corporation of 1873. That the said pretended corporation of 1883 embraced the territory of that of 1873, and additional territory. That the defendants were in the exercise of corporate functions under the said pretended corporation of 1883."

The defendants answered by special and general exceptions, by general denial, and specially plead their defenses.

No action seems to have been taken on the demurrers, nor was there any question made as to the jurisdiction of the District Court to hear and determine the cause.

The answer alleged that the corporation created and organized under the act of the Legislature incorporating the city of Lampasas had long since been dissolved; "that it was dissolved March 20, 1876; and set

forth in full the facts whereby, as they claimed, it had ceased to exist. They alleged, in substance, that the corporation of the old city of Lampasas had, up to and before the 20th of March, 1876, served all the purposes for which it was created, and that the people and qualified voters residing in the said city wished to abolish it, and in effect a majority of them voted for its abolition, and in effect did abolish it.

"They further alleged, in substance, that the action whereby the said corporation was abolished or attempted to be abolished was at the time acquiesced in by all of the inhabitants and qualified voters of the said old city of Lampasas, and has for more than thirteen years been accepted and acquiesced in; that for more than thirteen years the said old corporation has exercised no corporate functions; that the act creating said corporation provided no means for its dissolution.    They further alleged, in substance, that the present city of Lampasas was regularly incorporated in 1883, and that for more than six years it has been a regular, acting, existing, *de facto* municipal corporation, exercising all of the functions of a municipal government; that it had constructed many costly and important works, etc., and contracted large indebtedness and issued bonds, which are now outstanding and unpaid, in the sum of $50,000; that said corporation owns much valuable property."

The substance of the averment as to the dissolution of the corporation organized under the Act of 1873 was that at the election held in the spring of 1876 the qualified voters of the city elected a city council known to be in favor of dissolution, which in March of that year, at a regular meeting, made a full, complete, and permanent settlement of all corporate business, with a view to its dissolution, when they resigned, after having unanimously passed an ordinance declaring the several municipal offices forever thereafter vacant.

The corporation in 1883 was attempted through an election ordered by the county judge on application of fifty persons resident within the territory desired to be embraced within the limits of the proposed corporation, as is provided may be done in case of incorporation of a city or town not before incorporated.

Special exceptions questioning the sufficiency of the facts pleaded in the answer to operate a dissolution of the corporation created by the Act of 1873, as well as the sufficiency of the facts transpiring in 1883 to give valid incorporation, were sustained, but a trial was had on the general averments of the information and answer, which resulted in a judgment in favor of the State.

A question is raised in this court for the first time, whether the District Court had jurisdiction to hear and determine the cause.

This proceeding is by the State, representing the interest of every inhabitant who may be injuriously affected by the acts of those who assume

the right to exercise powers such as valid incorporation would give to the city council and ministerial officers.

Looking to the averments of the pleadings as to the area and population of the city, its property rights, and to the powers of taxation which respondents must claim the right to exercise, claiming as they do valid incorporation under the general laws of this State regulating the incorporation of cities and towns, it must be held, if jurisdiction is to be determined by the averment in controversy, that this is sufficient, and especially so when no question of jurisdiction was made in the trial court.

A controversy between the people and respondents is, in effect, involved as to whether the latter shall compel, without lawful authority, all persons resident within the limits of the alleged corporation or owning property therein to pay taxes, which, under the averments of the pleadings, ought to be presumed to amount annually to more than $500, in the absence of an issue on that question made and tried in the District Court.

The cause having been tried on its merits, in the absence of a statement of facts it must be presumed that the averments of the information were proved.

We have a case then in which it is shown that the city of Lampasas was duly incorporated by an Act of the Legislature passed in 1873; that an organization existed under that act which was represented by a mayor and four aldermen, as provided by the charter, who on March 20, 1876, assumed the power to declare that the corporation should be dissolved.

"The State creates such corporations for *public* ends, and they will and must continue until the Legislature annuls or destroys them, or authorizes it to be done." Dill. on Mun. Corp., 167; The State v. Dunson, 71 Texas, 65.

At the time the dissolution of the corporation was attempted the only law in force by which a repeal of the existing charter could have been accomplished by the act of the representatives of the inhabitants, was the Act of March 15, 1875, the first section of which provided that "any city within the limits of this State containing one thousand inhabitants or over may accept the provisions of this title in lieu of any existing charter by a two-thirds vote of the city council of such city, which action by the city council shall be had at a regular meeting thereof, and entered on the journals of their proceedings, and a copy of the same, signed by the mayor and attested by the city clerk or secretary, under the corporate seal, filed and recorded in the office of the clerk of the County Court of the county in which said city is situated; and the provisions of this title shall be in force, and all acts theretofore passed incorporating such city, which may be in force by virtue of any existing charter, shall be repealed from and after the filing of the said copy of their proceedings as aforesaid." Rev. Stats., art. 340.

That this course was not pursued is, in effect, alleged in the pleadings

of both parties, which show that instead of incorporating under the general law, as might have been done, the attempt was by the act of the city council to dissolve the existing corporation.    That this could not be done in the manner attempted is too evident, and it must be held that the corporation created by the Act of 1873 still exists, with powers, duties, and limits prescribed by that act.

The Act of March 15, 1875, did not provide for the incorporation of cities or towns having over one thousand inhabitants by the voluntary act of the qualified voters, as did it for the incorporation of towns and villages having two hundred and less than one thousand inhabitants (Rev. Stats., arts. 340, 341, 506–514); but the Act of March 26, 1881, amendatory of article 340, Revised Statutes, did empower cities and towns not already incorporated to incorporate by complying with the requirements of the law applicable to towns and villages.

This was again provided for by the Act of April 6, 1881, but throughout all the legislation bearing on the question there is nothing to intimate an intention to permit existing corporations to incorporate under the general law, and thus dissolve the existing corporation in any other manner than that prescribed by the Act of March 15, 1875 (Rev. Stats., art. 340), and the amendment to that article, approved March 27, 1885. Sayles' Civ. Stats., art. 340b.

This case differs in no essential matter from the cases of The State v. Dunson, 71 Texas, 65, and Buford v. The State, 72 Texas, 182, and in view of the discussion of the questions found in the opinions in those cases we deem it unnecessary to now restate the many objections to the validity of the claims set up by respondents, but may say, in view of the claim that dissolution of the corporation created by the Act of 1873 ought to be presumed from the period of time which has elapsed since that charter was acted upon, that presumptions can not be indulged in opposition to facts which show that the fact sought to be established by presumption can have no existence.

The municipal corporation known as the city of Lampasas incorporated under the Act of April 18, 1873, still exists, and the law furnishes a means by which the municipal offices, if all vacant, may be filled; but respondents are not entitled to hold such offices, or to exercise the powers pertaining to them, and the judgment of the court below will be affirmed.

*Affirmed.*

Delivered January 31, 1890.