HARBIN INDEPENDENT SCHOOL DIST.
et al. v. DENMAN. (No. 731.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 8, 1917. Rehearing Denied
Jan. 17, 1918.)

1. SCHOOLS AND SCHOOL DISTRICTS &⇒24(1)
—ENJOINING TAXATION — COLLATERAL AT-
TACK.

A petition to enjoin assessment and col-
lection of taxes in a school district, on the
ground that plaintiff's land was not lawfully
within its boundaries, but within the bounda-
ries of another legal district, was not demur-
rable on the ground that it was a collateral at-
tack upon the incorporation of defendant dis-
trict; there being no attack on the corporate
existence of defendant district or its right to
tax lands properly within its boundaries.

2. SCHOOLS AND SCHOOL DISTRICTS &⇒24(2)
—INCORPORATION—COLLATERAL ATTACK.

In a suit to enjoin assessment of taxes on
plaintiff's land by defendant school district, on
the ground that the land was in another lawful
district, defendant's answer that the incorpo-
ration of the latter district was void was a
collateral attack upon its corporate existence.

3. SCHOOLS AND SCHOOL DISTRICTS &⇒44—
ABOLISHING—NONUSER.

Where a school district was declared duly
incorporated by an order of the commission-
ers' court reciting that an election had been
held, etc., and was operated for some time, it
could only be abolished by an election held
for that purpose, as provided by Vernon's
Sayles' Ann. Civ. St. 1914, art. 1077, 1078,
2856b, and not by nonuser.

4. SCHOOLS AND SCHOOL DISTRICTS &⇒102—
REDISTRICTING—VALIDITY.

Where the matter of redistricting was not
under consideration by the commissioners'
court when it established a new independent
school district, and there was no attempt to
change the boundaries of the school district in
which plaintiff's land was situated, and which
was at the time of the order operating as an
independent school district, the order cannot
be held to have the effect of redistricting un-
der the statute, so as to place plaintiff's land
in defendant school district for purposes of
taxation, though the description of the bound-
aries of the new district embraced plaintiff's
land.

5. SCHOOLS AND SCHOOL DISTRICTS &⇒102—
REDISTRICTING—PROCEDURE.

That the Attorney General approved an is-
sue of bonds for defendant school district,
where the orders of the commissioners' court
included therein lands of another district,
would not have the effect of redistricting un-
der the statute.

6. SCHOOLS AND SCHOOL DISTRICTS &⇒27—
CREATION—INACCURACIES IN DESCRIPTION.

Slight inaccuracies in description of the
boundaries of a school district are insufficient
to render its incorporation void.

Appeal from District Court, Erath Coun-
ty; W. J. Oxford, Judge.

Suit by H. V. Denman against the Harbin
Independent School District and others. De-
cree for plaintiff, and defendants appeal.
Affirmed.

Chandler & Pannill, of Stephenville, for
appellants. Hickman & Bateman, of Stephen-
ville, for appellee.

HARPER, C. J. Appellee filed this suit
against the Harbin independent school dis-

trict, a corporation, A. A. Alexander and
its other trustees, and W. C. Cook, tax asses-
sor, and John Purvis, tax collector, of the
district, to enjoin the assessment and collec-
tion of taxes against plaintiff upon the lands
described in the petition. Its allegations
are as follows:

"Plaintiff shows the court: That he owns
about 236 acres of land out of the E. D. Tar-
ver survey, in Erath county, Tex. That said
land is situated in the Cottonwood independ-
ent school district. That said Cottonwood in-
dependent school district is a corporation duly
and legally incorporated under and by virtue
of the laws of the state of Texas. That same
was incorporated in the year 1888, the election
for such purpose having been held on the 2d
day of June, A. D. 1888, and the order declar-
ing such incorporation was duly entered in
the minutes of the commissioners' court, Erath
county, Tex., on the 20th day of June, A. D.
1888; the territory included in said Cotton-
wood independent school district being describ-
ed as follows: * * * That in the month of
December A. D. 1911, an election was held at
Harbin, Erath county, Tex., for the purpose
of declaring certain territory in and near the
said village to be incorporated for free school
purposes only. That the territory sought to
be incorporated in said election included plain-
tiff's 236 acres of land above referred to, and
the defendant Harbin independent school dis-
trict has continuously since said time, particu-
larly since January 1, 1915, been levying, as-
sessing, and collecting taxes from the plaintiff
upon his land. That such attempted incorpo-
ration, in so far as same seeks to affect this
plaintiff's said land, is illegal and void. That
at said time, and continuously since said time,
plaintiff's said land was and is in the Cotton-
wood independent school district, and could not
be detached from said Cottonwood independ-
ent school district and placed in another dis-
trict in the manner attempted in said election.
That the defendants have levied, assessed, and
collected, and intend hereafter, year after year,
to levy, assess, and collect, taxes for the said
Harbin independent school district at the rate
of 50 cents per $100 valuation against plain-
tiff's said land above described. Assessment
and collection of taxes are wholly unwarranted
and unauthorized by law. That plaintiff's said
land is not within the corporate limits of said
Harbin independent school district, for the rea-
son that the same is within the Cottonwood in-
dependent school district, and is not and can-
not be subject to taxation by said Harbin in-
dependent school district. That the levy and
assessment of taxes against plaintiff's land
constitute and will constitute a cloud upon
his title thereto. That if such taxes are con-
tinued to be levied, assessed, and collected, as
it is the purpose of the defendants to do, and
which they will do unless restrained by this
court, plaintiff will suffer irreparable injury,
for which he has no adequate remedy at law,
to the amount of $150. Wherefore, plaintiff
prays the court that the defendants, and each
of them, be cited to appear and answer this
petition, that upon final hearing hereof a writ
of injunction issue by this honorable court for-
ever enjoining the defendants and each of
them from hereafter attempting to levy and
assess said taxes against this plaintiff, and
for such other and further orders and relief,
general and special, at law or in equity, to
which he may show himself entitled.

Defendants answered by general demurrer
and general denial, and specially: That
June 2, 1888, an attempt was made to create
the Cottonwood independent school district,

---

&⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

but that such attempted incorporation was void, because no map of the district was filed for record in the county clerk's office as required by law. That its boundaries were not described with that certainty required by law. That the field notes are vague and uncertain—therefore said attempted incorporation is of no force or effect. That, if it should be held that said order of incorporation of the Cottonwood district is valid upon its face, it nevertheless is of no force and effect, because the inhabitants thereof have never exercised or attempted to exercise the powers of a corporation, in that they have failed to elect trustees, and have not established or maintained an independent school; failed to certify to the department of education the record of such incorporation, and have set over to it its portion of the school funds, have levied no tax, issued no bonds as a district, but at all times since its attempted organization have conducted it as a common school district, and elected only three trustees, etc., submitted to the supervision of the county school superintendent, etc., and therefore by nonuser forfeited its right to claim any rights as an independent district; prayed for forfeiture. That the Harbin independent school district was duly and legally incorporated as provided by law. That thereafter bonds were voted and issued and sold. That the effect of this suit, if successful, would be to reduce the valuation of taxable property in the district. That said bonds are outstanding and constitute a lien upon the taxable property in the district. Therefore plaintiff is not entitled to recover.

The cause was tried by court without a jury, and judgment entered declaring that the Cottonwood district is a valid corporation, that the lands described are within its boundaries, and granted the writ of injunction restraining the Harbin independent school district and its trustees and officers named as defendants from assessing, levying, and collecting taxes upon property described, from which it has been appealed to us for review.

### Findings of Facts.

June 20, 1888, Cottonwood independent school district was incorporated by order of the commissioners' court of Erath county and the lands in question were situated within its declared boundaries. Trustees were elected and the schools began operation as in an independent school district. As to how long or for what years it was so operated the evidence is indefinite, but the proof is positive that for most of the time up to 1909 it was operated as a common school district, with three trustees, under the supervision of the county school superintendent. At the latter date, after the constitutional amendment validating old districts, the district was operated as an independent school district with seven trustees. In 1904 a special tax was voted for this district in accordance with the boundaries as declared by the order of the

200 S.W.—12

commissioners' court of 1894. Other than this, the record is silent as to what lands were considered within the Cottonwood district, as operated after 1894.

In 1893 the commissioners' court directed a surveyor to subdivide the whole county into convenient school districts. The divisions were made, map filed and the said court, at May term, 1894, entered its order declaring the boundaries in accordance therewith. By this order of redistricting, the lands sought to be taxed were placed in the Harbin district, then a common school district. In 1911, after an election for the purpose, the court declared the then Harbin district to be an independent school district. It has voted special taxes and bonds. The bonds have been sold and are unpaid.

[1] The first assignment is that the petition is subject to general demurrer, because it constitutes a collateral attack upon the validity of the Harbin school district as incorporated as an independent school district, and that this could only be done by the state upon direct attack. It seems apparent from the pleadings and evidence, above noted, that the question to be here determined is: Is the land sought to be taxed by the Harbin district lawfully within its boundaries, or is it within the boundaries of the Cottonwood district? In respect to its corporate existence, and its right to tax lands properly within its boundaries, it is not questioned; but the appellee says that, because the land sought to be taxed by it was long prior to its organization lawfully within the Cottonwood district, where it is now taxed, it has never been taken from the Cottonwood district, therefore is not and could not become a part of the said Harbin district, and therefore not subject to taxation by it.

The record discloses that by an order of the commissioners' court entered June 20, 1888, the Cottonwood independent district was declared to be incorporated, which order recites that an election has been held, etc. And the record discloses that it was so operated for some time, and that the land of appellee was situate within its boundaries. So, unless the latter district had no legal existence, because it was not lawfully incorporated, or that by some proceeding authorized by law the land in question has been taken from it, it was not, at the time of the institution of this suit, a part of the appellant corporation, and, not being lawfully within its boundaries, could not be taxed by it. Judge Gaines, in City of El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25, said:

"The rule is well established that when the creation of a public corporation—municipal or quasi municipal—is authorized by statute, and a corporation has been organized under the color of such authority, its corporate existence cannot be inquired into by the courts in a collateral proceeding. The validity of the incorporation can only be determined in a suit brought for that purpose in the name of the state, or by some individual under the authority

of the state, who has a special interest which is affected by * * * the corporation"—citing many authorities.

[2, 3] So it follows that, in sustaining appellants' proposition that its incorporation cannot be questioned, we must hold that its defense is bottomed upon a collateral attack upon the incorporation of the Cottonwood district. This corporation could only be abolished or changed in the manner provided by law, by an election held for the purpose (article 2856b, 1077, and 1078, Vernon's Sayles' Statutes of Texas), and there is no pretense that the corporation has been abolished in this way; and it could not be accomplished by nonuser as contended by appellants' second assignment (State v. Dunson et al., 71 Tex. 65, 9 S. W. 103; Gillespie v. Lightfoot, 103 Tex. 359, 127 S. W. 799).

[4, 5] Had the boundaries of the districts been changed, as now provided by statute may be done by the commissioners' court, so as to take the land out of the Cottonwood district and place it within the boundaries of the Harbin district prior to its assessment for taxes by the latter, as urged by appellants' third and fourth assignments? It being contended that the order of the commissioners' court entered in 1912, which designated the boundaries of the Harbin independent school district, the call for the election to determine whether it should be incorporated and the final order declaring its incorporation and its boundaries, within which boundaries the lands in question lie, is in compliance with the statute authorizing the commissioners' court to change the boundaries of independent districts, and that by this order the land was legally transferred to the Harbin district. These orders were entered at a time when the Cottonwood district was being actively conducted as an independent school district, having resumed operation as such in 1909. The matter of redistricting these districts under the statute was not under consideration by the court, nor is there anything in the record to indicate that the court intended to redistrict; but, on the other hand, for all the record discloses, the lands in question may have been incorporated within the Harbin district by mistake, and without any knowledge that it was incorporated in and being taxed by another—Cottonwood district. Besides, there was no attempt by order to change or re-establish the boundaries of the Cottonwood district, which would leave, if this order should be held effective as a redistricting order, the latter district without well-defined boundaries. Therefore it cannot be held that this order had the effect to redistrict under the statute. Nor would the fact that the Attorney General of the state approved an issue of bonds for the Harbin district, where the orders of the commissioners' court included the lands therein, have this effect.

[6] The fifth assignment is that the Cottonwood independent school district was not duly and legally incorporated, because its boundaries are not set out with sufficient certainty. We do not find this to be the case from a careful examination of the record. There is a slight inaccuracy of description, but this is not sufficient to render its incorporation void. Wilson v. Brown, 145 S. W. 639. For the reasons above assigned, the assignments are overruled, and cause affirmed.

Upon a former date, we rendered an opinion reversing and remanding this cause, upon the ground that a valid order of the commissioners' court had been entered redistricting these independent school districts, but at that time our attention was not called to the fact that the statute authorizing the act had not been passed when the order of redistricting was passed. So the former opinion is withdrawn, and the above is entered as the opinion of the court.

WALTHALL, J., not sitting, being absent on committee of judges assisting the Supreme Court.