Janis **BABER**, et al., Appellants,

v.

**CITY OF ROSSER**, Texas et al., Appellees.

No. 05–88–00145–CV.

Court of Appeals of Texas, Dallas.

April 28, 1989.

Rehearing Denied June 2, 1989.

Mike McKool, McKool & Vassallo, Dallas, for appellants.

Ted M. Akin, Harvey G. Joseph, Akin & McMullen, P.C., Dallas, for appellees.

Before McCLUNG, BAKER and KINKEADE, JJ.

KINKEADE, Justice.

Janis Baber and other members of her family appeal a judgment holding that an election incorporating the City of Rosser was not void. Baber alleges numerous irregularities in the election procedures which render the election void. In her first point of error, Baber contends that the City of Rosser was already incorporated and the prior corporation had not been legally dissolved. We agree, reverse the trial court's judgment, and render judgment for Baber.

The record shows that Baber and the other appellants own land in and around the City of Rosser. Their land was the subject of sand and gravel leases valued at approximately $1.4 million. At the time the leases were executed, the land was outside the corporate limits of the City of Rosser. Sometime after the leases were executed, Fred Alford and J.C. Brooks began a campaign to incorporate the City of Rosser and include Baber's lands within the city limits. An election was held on February 5, 1986. The inhabitants of the City of Rosser voted forty-nine to fifteen to incorporate the City, including Baber's lands. Fred Alford was elected mayor. One of Alford's first acts was to sign an ordinance prohibiting sand and gravel mining within the Rosser city limits. As a result of the ordinance, Baber's sand and gravel leases were cancelled. Alford's own land, which is in the same area as Baber's, was excluded from the Rosser city limits and is currently subject to sand and gravel leases.

Baber challenges the validity of the election, maintaining that the City of Rosser was previously incorporated in the 1930s. J.C. Brooks testified by deposition that he had been an alderman in the old Rosser government back in the "thirties." He stated that the town had been incorporated, but that the citizens had stopped meeting and "just let it die on the vine." This was the only testimony as to the fate of the previously incorporated City of Rosser. There was no evidence that anyone took any steps to abolish the city's corporate existence.

■ The law is clear that once a town has been incorporated and has not been dissolved in the manner prescribed by law, any subsequent attempt to reincorporate the town is void. *Lum v. City of Bowie,* 83 Tex. 247, 18 S.W. 142, 143–44 (1891); *Largen v. State,* 76 Tex. 323, 13 S.W. 161, 162–63 (1890); *State v. Dunson,* 71 Tex. 65, 9 S.W. 103, 103–05 (1889). The only way to dissolve a former incorporation is by following the procedures outlined by the legislature. *Lum,* 18 S.W. at 144. An election to incorporate a town that was

previously incorporated and not legally dissolved cannot supercede the original incorporation nor effect an annexation of land not within the original city limits. *Lum,* 18 S.W. at 144.

The Texas Local Government Code controls the abolition of municipalities with 10,000 or fewer inhabitants. TEX.LOCAL GOV'T CODE ANN. § 62.001 et seq. (Vernon 1988) (formerly TEX.REV.CIV.STAT. ANN. art. 1241a (Vernon 1963)). Section 62.002 provides that the mayor of the municipality shall order an election on the question of abolishing the municipality's corporate existence. TEX.LOCAL GOV'T CODE ANN. § 62.002 (Vernon 1988). The mayor shall then certify the abolition to the county commissioners, who enter the abolition order in their minutes; at that time, the municipality ceases to exist. TEX.LOCAL GOV'T CODE ANN. § 62.004 (Vernon 1988). It is undisputed that none of these steps were taken to abolish the previously incorporated City of Rosser. Therefore, the City of Rosser has had a continued corporate existence up to the present, its boundaries being those fixed by the incorporation election of the 1930s. The previous corporation did not dissolve by non-use or failure to elect officers, but will continue to exist until legally abolished. *See Pence v. Cobb,* 155 S.W. 608, 611–12 (Tex.Civ.App. —El Paso 1913, no writ). There can be no new incorporation of the City of Rosser without first dissolving the prior incorporation. Consequently, the election of February 5, 1986 was void and of no effect. We reverse the judgment of the trial court and render judgment that the incorporation election of February 5, 1986 was void.