

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 21, 2006

The Honorable Jim Kuboviak
Brazos County Attorney
Brazos County Courthouse
300 East 26th Street, Suite 325
Bryan, Texas 77803

Opinion No. GA-0483

Re: Whether the City of Millican has been dissolved (RQ-0456-GA)

Dear Mr. Kuboviak:

You ask whether the City of Millican has been dissolved.[1] You indicate that Millican "has existed in Brazos County for many years by all accounts as a municipality. However, the question of Millican's corporate status has recently been raised," and you ask us to resolve the question. Request Letter, *supra* note 1, at 1.

Prior to 1897, article 397 of the Revised Civil Statutes provided for the filling of a vacant municipal office that could not be filled under the municipal charter or other law. In 1897 article 397 was amended to provide for the dissolution of certain municipalities with a vacant municipal office. That amendment (the "1897 Amendment") provided as follows:

> [W]here [a town or city with a vacant municipal office] has been chartered by special act of the legislature and such town or city contains more than 200 and less than 5000 inhabitants and the offices of such town or city have been vacant for a period of ten years or more, such charter of said town or city shall become void and forfeited, and no election of officers in such town or city shall be had; but the inhabitants of such town or city may reincorporate under the general laws of this State relating to towns and cities in the manner as now or may hereafter be prescribed by the laws of this State.

Act effective May 10, 1897, 25th Leg., R.S., ch. 114, § 1, 1897 Tex. Gen. Laws 1213, 1213; *accord* Request Letter, *supra* note 1, at 3–4. The 1897 Amendment appears to have been deleted when the civil statutes were codified in 1925. *See* TEX. REV. CIV. STAT. ANN. arts. 8307–end, Final Title, § 2 (Vernon 1967) ("Repealing clause").

Your letter suggests that Millican's inhabitants would like Brazos County to provide them with law enforcement, city street repair, and other public services, but the county is reluctant to

---

[1] *See* Letter from Honorable Jim Kuboviak, Brazos County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Feb. 22, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

provide county services "until the issue of the city's corporate status is determined." Request Letter, *supra* note 1, at 1. You therefore ask two questions:

> (1) Is Millican a general law municipality or a special law municipality[?]
>
> (2) If Millican is a special law municipality, what is the effect of the [1897 Amendment] on its corporate status[?]

*Id.* at 5. We consider your questions in the order you ask them.

The City of Millican, you inform us, was incorporated under general law by citizen election in 1866 with a population of 3,000. *See id.* at 3; CHRISTINA L. GRAY, "Millican, Texas," THE HANDBOOK OF TEXAS ONLINE, *available at* http://www.tsha.utexas.edu/handbook/online/articles/MM/hlm71.html (last visited Nov. 13, 2006). In 1871 Millican was incorporated again by a special act of the legislature. *See* Request Letter, *supra* note 1, at 3; *see* Act approved Mar. 13, 1871, 12th Leg., R.S., ch. VI, 1871 Tex. Spec. Laws 1149, 1149–52, *reprinted in* 6 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 11–14.

Several cases consider the circumstances in which a municipality that was originally incorporated under special law may reincorporate under general law. *See, e.g., Largen v. State ex rel. Abney,* 13 S.W. 161, 162 (Tex. 1890); *Buford v. State,* 10 S.W. 401, 401–02 (Tex. 1888); *Pence v. Cobb,* 155 S.W. 608, 609 (Tex. Civ. App.—El Paso 1913, no writ). In those circumstances, the courts acknowledge that a special-law municipality may reincorporate as a general-law municipality only if the legislature allows it to; and if the legislature has not allowed it by either general or special law, the attempted general-law incorporation is ineffective. *See Largen,* 13 S.W. at 163; *Buford,* 10 S.W. at 403; *Pence,* 155 S.W. at 611. The converse case, where a municipality incorporated under general law is reincorporated by special law, is rarer in judicial decisions, however. We found only a 1911 decision of the United States Court of Appeals for the Fifth Circuit that presented an analogous fact situation. *See Ringling v. City of Hempstead,* 193 F. 596 (5th Cir. 1911). In that case, the City of Hempstead had incorporated as a general-law municipality and "was continued by a special act of the Legislature" in 1871. *Id.* at 598. The City of Hempstead subsequently, and in accordance with general law, reincorporated as a general-law municipality. *Id.* Unfortunately, the court did not discuss whether the special law preempted the City of Hempstead's prior general-law status. *See id.*

Whether the City of Millican's original general-law incorporation and the subsequent special-law incorporation are irreconcilable (for example, by reason of boundaries or municipal powers), we believe the City's special-law status prevails over its general-law origins.[2] Courts recognize a reincorporation that occurs consistently with law. *See Buford,* 10 S.W. at 402; *State v. Dunson,* 9 S.W. 103, 105 (Tex. 1888). Presuming that the special law incorporating the City of Millican was

---

[2]We have not been informed whether the boundaries or powers described in the original general-law incorporation were the same as those described in the 1871 special law. *See* Act approved Mar. 13, 1871, 12th Leg., R.S., ch. VI, art. 1, 1871 Tex. Spec. Laws 1149, 1149–52, *reprinted in* 6 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 11–14.

adopted in accordance with legal requirements, we must conclude that it replaced the 1866 general-law incorporation.

Because the City of Millican was a special-law municipality in 1897 when the legislature adopted the 1897 Amendment, we consider your second question: what effect the 1897 Amendment had on the City of Millican's status. *See* Request Letter, *supra* note 1, at 5. A municipal corporation may be created "only in the manner provided by law, and when created must continue until abolished in some legal method." *Harness v. State*, 13 S.W. 535, 537 (Tex. 1890); *see also Largen*, 13 S.W. at 162 ("The state creates [municipal] corporations for public ends, and they will and must continue until the legislature annuls or destroys them, or authorizes it to be done.") (quoting 1 DILL. MUN. CORP. § 167). Mere "nonuse" of a municipality's corporate powers, including a failure to elect officers, is insufficient to dissolve the corporation unless some law authorizes dissolution upon nonuse. *See also Dunson*, 9 S.W. at 104 ("under the great weight of authority," a failure to elect "proper officers . . . does not operate a dissolution"); *Pence*, 155 S.W. at 611 ("The state creates municipal corporations for public ends and purposes, and such a corporation cannot dissolve itself by nonuse of its corporate functions; mere failure or neglect to elect officers suspends the functions but does not dissolve the corporation . . . [unless] dissolved by legislative enactment, or in some other mode provided by law.").

Under the 1897 Amendment, the city charter of a special-law municipality with a population of more than 200 but less than 5,000 is void if the municipal offices have been vacant for a period of ten years or more. *See* Act effective May 10, 1897, 25th Leg., R.S., ch. 114, § 1, 1897 Tex. Gen. Laws 1213, 1213. The 1897 Amendment was written in such a way as to remain applicable beyond the date it first became applicable. *See id.* If, then, at any time while the 1897 Amendment was effective, Millican—a special-law municipality—had a population of more than 200 but less than 5,000 *at the same time that* the municipal offices had been vacant for at least ten years, Millican's charter became void and the city was dissolved.

We are unable to determine whether Millican's charter was voided by operation of the 1897 Amendment prior to its deletion in 1925. You inform us that Millican's population in 1868 was 1,200, dwindling to 200 by 1940. *See* Request Letter, *supra* note 1, at 2; CHRISTINA L. GRAY, "Millican, Texas," THE HANDBOOK OF TEXAS ONLINE, *available at* http://www.tsha.utexas.edu/handbook/online/articles/MM/hlm71.html (last visited Nov. 13, 2006). But you do not tell us what the population was at any time between 1897 and 1925, when the 1897 Amendment was effective. You also inform us that, since its initial incorporation in 1866, Millican has elected only one mayor, although two governors subsequently appointed mayors and aldermen, the latest appointment apparently being made in 1871. Request Letter, *supra* note 1, at 3. "With these exceptions, Millican [has] had no local elections" since 1871. *See id.* You do not tell us, however, the date on which the municipal offices became vacant. Therefore, we cannot apply but can only state the law that if, between 1897 and 1925, the City of Millican's population was between 200 and 5,000 at the same time that the municipal offices had been vacant at least ten years, the city was dissolved under the 1897 Amendment.

## S U M M A R Y

Where a municipality is incorporated under general law and then reincorporated by special law, the municipality becomes a special-law municipality. If, between 1897 and 1925, the special-law City of Millican's population was between 200 and 5,000 at the same time that the municipal offices had been vacant at least ten years, the city was dissolved under an amendment to article 397 of the Revised Civil Statutes that was effective during that same time period.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee