THE CITY OF EAST DALLAS v. THE STATE OF TEXAS EX REL.
JOSEPH PUTZ.

No. 2628.

1. **Quo Warranto.**—A proceeding by quo warranto can not be entertained by the District Court unless the value involved exceed five hundred dollars. If the proceeding involves the right to impose taxes aggregating over five hundred dollars the District Court has jurisdiction.

2. **Proceeding by Quo Warranto—Pleading.**— Though the statute seems to contemplate that in quo warranto proceedings the information and petition should be filed as separate papers, and that leave to file the information should rest in the sound discretion of the district judge, yet the object of the statute is accomplished by the filing of one paper containing a statement of the facts in the name of the State, setting forth the grounds for relief verified by affidavit, and closing with a prayer for process and relief; such a petition, when ordered to be filed by the district judge, is sufficient.

3. **Statute Construed—Cities and Towns.**—Article 503, Revised Statutes, which provides the means whereby a designated class of inhabitants of any territory adjoining the limits of a city "to the extent of a half mile in width," may procure the addition of such territory to the city, construed; and *held,* that by the words "to the extent of a half mile in width" it was not intended to confine the authority to make an annexation of territory to an area neither more nor less than half a mile wide, but it was intended to limit the area of territory which might be added to a city to half a mile wide.

APPEAL from Dallas. Tried below before Hon. G. N. Aldredge. The opinion states the case.

*Coombes & Gano*, for appellant.—The statute of quo warranto contemplates an information by the State, filed by leave of the court, and based upon a petition presented to the court asking such leave. Sayles' Ann. Civ. Stats., art. 4098i.

When the affidavit required by law of three inhabitants of the territory sought to be annexed, who are qualified voters for members of the State Legislature, has been filed with the mayor and by him certified to the city council, said city council may, acting upon said affidavits, receive the territory as a part of the city, and said action when done is final and conclusive. Sayles' Ann. Civ. Stats., art. 503; The State v. Goodwin, 69 Texas, 55; Graham v. City of Greenville, 67 Texas, 62.

The Legislature may make the fact of incorporation depend upon the determination of some official or tribunal whose action the courts will have no power to revise, and when this is done in a proceeding by quo warranto no inquiry can be made into the legality of the corporation. Sayles' Ann. Civ. Stats., art. 503; The State v. Goodwin, 69 Texas, 55; Graham v. City of Greenville, 67 Texas, 62.

An information in the nature of quo warranto is a suit, and unless the matter in controversy is of the value of $500 or over the District Court is without jurisdiction. The Legislature can not confer upon this court powers additional to those given by the Constitution, and this is not a suit as contemplated by the Constitution. The State v. De Gress, 72 Texas, 242; Ex parte Towles, 48 Texas, 413; Williamson v. Lane, 52 Texas, 335.

*Evans & Gooch*, for appellee. —1. Information in the nature of a quo warranto and a petition to the court asking leave to file the information may both be embraced in the same pleading. Sayles' Civ. Stats., art. 4098i; High's Ext. Rem., sec. 710.

2. In proceedings upon information in the nature of a quo warranto to test the title to a public office or the result of an election the return or certificate of the canvassing officer as to the result of the election is not conclusive as to such result or the title to an office, but is only prima facie evidence of such result or title, and the court may go behind their proceedings. High's Ext. Rem., secs. 638, 722; Lane v. Shromp, 20 N. J. Eq., 82; 2 Dill. on Mun. Corp., sec. 716.

3. If the Legislature intended by article 503 of the Revised Statutes to make the facts of the result of an election on annexation to depend on the determination of three private citizens, then it is unconstitutional, as an attempt by the Legislature to delegate its political power and func-

tions to private citizens.   Const., art. 2, sec. 1; Id., art. 3, sec. 1; People
v. Bennet, 29 Mich., 451; 57 Ill., 152.

4.   When an illegal annexation of adjoining territory has been at-
tempted to be made to the municipal corporation the law will not leave
citizens of such territory to the tender mercies of the municipal corpo--
ration interested in such annexation, but will afford adequate remedy in
the courts either by quo warranto or injunction.   Const., art. 5, sec. 8;.
Dill. on Mun. Corp., sec. 906, *et seq*.

5.   The language in article 503, Revised Statutes, "a majority of the
inhabitants qualified to vote for members of the State Legislature," means
a majority of the inhabitants residing in the limits of said territory,.
whether they vote at such election or not.   Sanborn v. Prentice, 28 Wis.,
358; People v. Brown, 11 Ill., 478; Harshman v. Bates Co., 92 U. S.,
569.

6.   The attempt of municipal corporations to exercise their franchise  ·
outside of their municipal boundary may be inquired into by information
in the nature of a quo warranto, or by injunction, and the remedies are
cumulative.   Sayles' Civ. Stats., art. 4098i, sec. 6; 2 Dill. on Mun. Corp.,
925; Id., secs. 906, 908, 911, 914, 915, 921–924.

GAINES, ASSOCIATE JUSTICE.—This is a proceeding in the nature of a
quo warranto, instituted in the name of the State of Texas upon the re-
lation of Joseph Putz, to determine the question of the validity of an
election by which it was sought to enlarge the limits of the city of East
Dallas.   The District Court upon a final hearing held the territory
sought to be annexed not a part of the city, and the respondents ap-
pealed.

We will dispose of the questions necessary to determine the appeal
without reference to the order of the assignments of error.

It is insisted that the District Court had no power to hear and deter-
mine the cause.   It must be conceded that under the Constitution the
court had no jurisdiction by reason merely of the nature of the proceed-
ing.   The writ of quo warranto is not mentioned in section 8 of article
5 of the Constitution of 1876, and it was therefore held in the case of
The State v. De Gress, 72 Texas, 242, that unless the value in contro-
versy exceeded the sum of five hundred dollars the District Court did
not have jurisdiction in a quo warranto proceeding.

But in this case it is alleged that the value of the property subject to
taxation in the territory sought to be incorporated into the city is a mil-
lion and a half of dollars, and that the rate of taxation established by its
ordinances is seventy-five cents on the one hundred dollars worth of
property.   In this proceeding the State seeks to have it adjudged that
the city has no authority or control over the inhabitants and property of
the territory named in the information.

The effect of a judgment of the court upon the merits is according to the allegations of the petition to determine the right of the respondent to collect for a single year taxes amounting to more than ten thousand dollars. But it is not the right to collect taxes for a single year only that is sought to be determined. The case, as others of like character, involves the right to collect taxes as long as the municipality with the limits sought to be established may continue to exist. We can hardly conceive a case involving the right of taxation over any considerable extent of territory in which the amount in controversy would not be sufficient to confer jurisdiction upon the District Court.

In the cases of Dunson v. State, 71 Texas, 65, and Buford v. State, 72 Texas, 182, this court entertained jurisdiction of the appeals, which it could not have done if the courts below had no jurisdiction. These were quo warranto proceedings and called in question the validity of the corporations of which the respondents were acting as officers. In such a case it necessarily follows that the amount involved exceeds the sum of five hundred dollars. We conclude that the court below did not err in entertaining jurisdiction of this case.

It is also assigned that the court erred in not sustaining exceptions to the information on the ground that the petition for leave to file the information and the information itself are embraced in one paper. The relation, which is signed by the county attorney on behalf of the State and is sworn to by the relator, contains a prayer that it be filed as an information, that the respondents be cited, and that upon the hearing the State have judgment ousting them from the franchises attempted to be exercised by them over the disputed territory. The statute seems to contemplate that there should be a separate petition and a separate information. 2 Sayles' Ann. Stats., art. 4098i. But it has ever been the policy of our laws to look to the substance, and not to the form of pleadings, and to uphold them when they contain allegations sufficient in substance to maintain the action or the defense, as the case may be, without reference to the form in which they are presented. Is it reasonable to presume that the Legislature in providing for the remedy by quo warranto intended to depart from the settled policy of our previous statutes and decisions in regard to pleadings? We think not. It is true that it was evidently intended to leave the right to file the information to the sound discretion of the district judge. It was therefore required as a condition that a petition should be presented to him, which should state the facts and should be supported by affidavit.

It seems to us, therefore, that the purpose of the Legislature is as effectually accomplished by a petition containing a relation of all the facts presented in the name of the State and verified by the affidavit of the relator, with a prayer that it be filed as an information, and with the further prayer for process and relief, as by a petition and information

contained in separate papers. The information in this case was ordered to be filed by the district judge, and we think it was sufficient. The statute expressly makes the remedy a civil proceeding, in which mere form is a matter of very little consequence. 2 Sayles' Ann. Stats., art. 4098i, secs. 3, 4. We are of opinion that the court did not err in overruling the exceptions to the information.

In the view we take of the case it is unnecessary to consider the question of the sufficiency of the evidence to support the conclusion of the trial judge that a majority of the voters living within the territory sought to be annexed did not vote in favor of the proposition. That territory is shown by the record to be a mile wide. The authority for the annexation is contained in the following provision of the Revised Statutes:

"Art. 503. Whenever a majority of the inhabitants qualified to vote for members of the State Legislature of any territory adjoining the limits of any city accepting the provisions of this title to the extent of one-half mile in width shall vote in favor of becoming a part of said city, any three of them may make affidavit to the fact, to be filed before the mayor, who shall certify the same to the city council of said city," etc.

The words "to the extent of one-half mile in width" are ambiguous. That they were not intended to confine the authority to make an annexation to an area neither more nor less than a half mile wide we think clear. This is the literal construction, but it is too unreasonable to require consideration. It was intended either that the territory should be not more than a half mile wide or that it should be at least of that extent. The words admit of either construction and there is nothing in the context to show which was intended. We are therefore compelled to resort to the reason and policy of the provision in order to determine the question.

Reason does not sustain the latter construction. What object could there be for requiring that the territory annexed to a city should be at least a half mile wide? None suggests itself to our minds. On the contrary there are very good reasons why such a requirement should not be made. Let us suppose that a city should build up to the extent of a quarter of a mile outside of its corporate limits, but beyond this there was a lake or river or even merely agricultural or pasture lands. In such a case it would be unreasonable to require that more than a quarter of a mile should be included in order to make the annexation and give the population the benefit and protection of a municipal government. On the other hand the policy of prohibiting the annexation at any one time of territory of more than a half mile in width is apparent.

There is a tendency on the part of thriving and ambitious cities to extend the limits of the municipality beyond the urban population and to subject to taxation persons and property who neither need nor receive any protection from the city government. It is reasonable to presume that the Legislature intended to restrain this tendency, and it seems to

us that in the provision under consideration they have placed a very proper limitation upon the power of annexing territory. We are of opinion, therefore, that the statute did not authorize the addition of territory more than a half mile wide, and that the proceedings by which the territory was sought to be annexed in this case are void.

It is claimed by respondents that they have never exercised any authority over the territory in question. It appears, however, that they passed the ordinance of annexation, that they had taken steps preparatory to levying a tax, and that the territory was recognized as a ward of the city. We think this a sufficient indication of the purpose to exercise the corporate franchises of the city over the disputed territory to sustain the action.

The judgment of the lower court is the only proper judgment that could have been rendered in the case, and it is therefore affirmed.

*Affirmed.*

Delivered March 26, 1889.