H. P. MATHEWS ET AL. v. THE STATE EX REL. ALICE
WILSON ET AL.

No. 3543.

1. **Practice in Quo Warranto.**—A single individual may make the relation upon which the State's officer may act in filing an information. The effect will not be less if he unites with others who subsequently offer to withdraw; nor would the case be changed if the others properly could be permitted to withdraw.

2. **Same.** — The proceedings when begun are under the exclusive control of the State's officer. The supporting affiants can not control or dismiss the proceedings. They can not withdraw from it and avoid responsibilities they may have incurred by setting in motion the information.

3. **Statute Construed.**—"An act to amend chapter 1, title 17, of the Revised Civil Statutes * * * by the addition thereto of article 340c" (Gen. Laws 22d Leg., chap. 25, p. 26), does not control or relate to towns attempting to incorporate territory beyond the reasonable limits of the cluster of houses constituting the town to be incorporated.

4. **Cases Adhered to.**—Ewing v. The State ex rel., 81 Texas, 172, adhered to, in annulling an attempted incorporation extending its limits to an unreasonable extent, and including farm lands, etc.

APPEAL from Bee. Tried below before Hon. H. CLAY PLEASANTS.

This is a suit by information in the nature of a quo warranto, instituted by the State of Texas on the relation of Alice Wilson, A. C. Jones, Hugo Heldenfels, Viggo Kohler, J. J. Welder, B. K. Klipstein, F. E. Burr, William Burr, J. M. Chittim, Thomas Welder, and H. W. Wilson, to oust H. P. Mathews, mayor of the city of Beeville, and R. Law, T. C. Williams, T. J. Skaggs, T. J. Hart, and W. H. George, aldermen of said city of Beeville, from office, and to declare the incorporation of said city of Beeville void.

The allegations in the petition of relators and in the information are substantially the same.

The suit was filed on the 10th day of June, 1891. The information in substance alleges, that on the 16th day of January, 1890, there was a town in Bee County called Beeville, with a population of 1200, and an area of about 1300 acres; that on the 3d day of February, 1890, an election was held in said town to incorporate a city of 1000 inhabitants, or over, with limits three miles square; that this election resulted in favor of incorporating as a city with said limits; that said limits, in addition to said 1300 acres of town proper, included 4400 acres of rural and grazing lands, the property of relators, which was so taken without their consent.

The proceedings to incorporate are all alleged to be regular, the only contention being that the 4400 acres of rural land were never a part of said town. It is further alleged, that after said election said town with said limits assumed municipal powers over all of said territory and began to exercise control over the same by the election of town officers,

by passing and printing ordinances, assessing and levying taxes, collecting and attempting to collect the same; that said town has ever since claimed to be a corporation, and it is attempting to exercise all the rights and franchises of a town duly incorporated under the law; that on the 7th day of April, 1891, the said appellants were duly elected as said officers of said city.

It is alleged that the relators are taxed about $338.56 annually on said land by said pretended city. There is a prayer for ouster against appellants, and that said incorporation of said city of Beeville be declared void.

The appellants answered by excepting to the continuation of F. E. Burr and William Burr as relators, because they were not affiants to the petition for the information; and by special exception to the information, because said alleged illegal incorporation was cured by Act of March 2, 1891. Appellants, further answering, denied all of the allegations of the State and the relators except those which set forth incorporation of the town, the election of officers, and the assumption of all of the functions of a city, etc. Appellants further alleged, that the relator A. C. Jones had served as mayor of said city; that relator B. W. Klipstein had served as treasurer of said city prior to the institution of said suit; that the relators J. J. Welder, J. M. Chittim, B. W. Klipstein, H. Heldenfels, and Viggo Kohler, prior to the institution of this suit, caused all of that portion of said 4400 acres owned by them to be surveyed into lots and blocks, and a map made of the same and recorded in Bee County; that the relator Alice Wilson, prior to the institution of this suit, made a contract with said city to furnish it with a garbage dumping ground, for which she received the sum of $50 from said city. That the relators A. C. Jones, H. W. Wilson, H. Heldenfels, B. W. Klipstein, Tom Welder, Pat Burke, and Viggo Kohler signed the petition to the county judge to order an election for the purpose of incorporating with the said territory as alleged. Appellants alleged that the aforesaid acts of said relators showed an acquiescence in said incorporation of said city, and they and the State of Texas were estopped from denying the legality of said incorporation. There were further pleas of estoppel of the same nature as the foregoing. It was further alleged, that all of the relators had cut their lands up into lots and blocks, and had on account of said incorporation been enabled to sell said land at advanced prices; that the city of Beeville, on the faith of said acquiescence on the part of said relators, had incurred great expense in the purchase of property, the grading and paving of streets, for sanitary regulations, and surveying and marking of the streets and city limits.

Appellants further alleged, that said city of Beeville was incorporated as a city of 1000 inhabitants or more under chapters 1 and 11 of title 17 of the Revised Civil Statutes of the State of Texas, prior to

the 2d day of March, 1891; that said city had exercised all the functions of a city of 1000 inhabitants or more, and had been so recognized by the State of Texas; that said city had borrowed money, incurred debts, purchased property, levied taxes, and engaged in many different enterprises for the public good.

The relators Viggo Kohler, Hugo Heldenfels, B. W. Klipstein, J. M. Chittim, and J. J. Welder filed a motion stating that they no longer desired to prosecute this suit and praying that they be dismissed therefrom as relators, which was overruled by the court.

The State filed exceptions to all of appellants' pleas of acquiescence and estoppel on the part of relators and the State of Texas, and asked that they be stricken out, which exceptions were sustained by the court.

All of the exceptions in appellants' answer contained were overruled by the court.

The court gave judgment against the respondents, ousting them from office and declaring the corporation of the city of Beeville null and void.

[This statement is from brief of appellant.]

*Dugat, Crisp & Stevens, Beasley & Flournoy,* and *W. W. Dodd,* for appellants.—1. When the State institutes a quo warranto proceeding on the relation of individuals, the relators have the right to discontinue the suit. Attorney-General v. Barstow, 4 Wis., 567.

2. One of the fundamental rules governing a proceeding in the nature of a quo warranto upon the complaint of a private person is, that the relator shall not have been concerned in, or agreed to, or acquiesced in the proceeding of which he complains. The relators by various acts having acquiesced in said incorporation of the city of Beeville, are estopped from denying the legality of the same. The State v. Town of Baird, 79 Texas, 63; High on Ext. Legal Rem., secs. 646, 658, 686, 687; Dill. on Mun. Corp., 4 ed., sec. 901; 5 Wait's Act. and Def., p. 265; The Queen v. Lofthouse, Law Rep., 1 Q. B.; Strosser v. City of Fort Wayne, 100 Ind., 453.

3. The State of Texas instituted this suit upon the relation of certain individuals, and whatever would preclude the said relators from recovering would likewise preclude the State from recovering. The State not having brought the quo warranto of its own volition, but inasmuch as it has proceeded on the relation of individuals, is bound by whatever disqualifies or estops them. Sayles' Civ. Stats., art. 4098i; Black v. Town of Brinkley, 15 S. W. Rep., 1030; The State v. Leatherman, 38 Ark., 81.

4. A town of more than 1000 inhabitants, incorporated as a city, with limits fixed under chapter 1 of title 17 of the Revised Civil Statutes of the State of Texas, on the 17th day of February, 1890, and which town since said time has exercised all the functions of a city of 1000 inhabitants or more, and which has been recognized by the State

as a city of 1000 inhabitants, and was so recognized on the 2d day of March, 1891, and which on said 2d day of March, 1891, had a population of more than 1000 inhabitants, is rendered a valid corporation by the curative act of the Twenty-second Legislature, entitled "An act to amend chapter 1, title 17, of the Revised Civil Statutes of the State of Texas, by the addition thereto of article 340c," notwithstanding its boundaries include lands not properly a part of the town at the time of its original incorporation. Acts 22d Leg., p. 26; Const., art. 11, sec. 4; Rev. Stats., arts. 340a, 340b, 343; 15 Am. and Eng. Encyc. of Law, 997, 1001, and cases cited; Cool. Const. Lim., sec. 371; Lockhart v. Troy, 48 Ala., 579.

*A. B. Davidson*, District Attorney of Twenty-fourth District, *L. H. Browne*, and *Proctor & Proctor*, for appellees.— 1. The object of the petition of said relators was only to urge upon the district attorney that he petition the court for leave to file the information. When said petition had been considered, together with the district attorney's application, by the court, and had satisfied the latter that there was probable ground for the quo warranto proceeding, said petition had fulfilled its every purpose. The granting of leave to file quo warranto was within the court's discretion, and the court's action in ordering the information filed is conclusive upon all parties. Appellants had nothing to do with the merits of this petition; the information was the pleading they faced.

2. The attempted incorporation of Beeville into a city under the general incorporation act was an absolute nullity. Unless there was a valid incorporation respondents were unlawfully acting as mayor and aldermen. No act or omission on the part of relators or other persons could render said incorporation valid, and allegations of acquiescence and estoppel on relators' part were wholly immaterial. Ewing v. State ex rel. Pollard, 81 Texas, 172.

3. Appellants in their pleadings could only disclaim or justify; all other matters were irrelevant under the issue joined. 7 Laws. Rights, Rem. and Prac., 6350; Wait's Act. and Def., p. 267, sec. 11; Attorney-General v. Foote, 78 Am. Dec., 689; The State v. Cincinnati, 23 Ohio St., 445; Railway v. The People, 84 Ill., 426; State v. Allen, 14 N. J. Law, 84; Larke v. Crawford, 28 Mich., 88; The State v. Gleason, 12 Fla., 190.

4. The principle, that persons who have contracted with a corporation as such are estopped from denying its corporate existence, only applies so far as to prevent such persons from denying the corporate existence for the purpose of holding the shareholders, or individual constituents of said corporation, liable as partners; and even such principle with such limited scope does not apply where the corporation dealt with has been attempted to be formed under a pretended authority of

law, when really there is no authority at all, there being a want of leg-islative authority.   Such a body does not constitute even a de facto corporation.   Taylor Priv. Corp., sec. 148, and authorities cited; Fay v. Noble, 7 Cush., 188;  Bank v. Almy, 117 Mass., 83;  Hill v. Beach, 12 N. J. Eq., 31.

5.   The curative act only applies to a city, town, or village of 1000 inhabitants or more, which, with previous corporate existence, had at-tempted to accept the provisions of title 17 by vote of its council and had failed to observe some of the formalities prescribed as requisite to such act of acceptance.   It in no sense refers to a city, town, or vil-lage which, with no previous corporate existence, had attempted to in-corporate ab initio.   Acts 22d Leg., pp. 26, 27; Sayles' Civ. Stats., chap. 1, title 17; Sayles' Civ. Stats., chap. 11, title 17.

HENRY, ASSOCIATE JUSTICE.—At the instance of twelve individual relators the information, in the nature of a quo warranto, was filed in this cause to oust the mayor and aldermen of the city of Beeville, and to have the proceedings to incorporate said city declared void.   The relation was sworn to by only eight of the persons who signed it, and subsequently five of these asked to be permitted to withdraw from it. Their request was refused.

The respondents excepted to the information, because some of the persons signing it did not swear to it.   The answer of the respondents contained the following allegations:   "That relator A. C. Jones had served as mayor of said city; that relator B. W. Klipstein had served as its treasurer; that relator Alice Wilson had made a contract with said city to furnish it with a garbage dumping ground, for which she had received from said city the sum of $50; that the relators B. W. Klipstein, J. J. Welder, J. M. Chittim, Viggo Kohler, and Hugo Hel-denfels had surveyed and mapped all of the lands which they owned within said city limits into lots and blocks, and had a map of the same recorded; that all of the relators except F. E. Burr, William Burr, J. J. Welder, J. M. Chittim, and Alice Wilson signed the petition to the county judge to incorporate the said city of Beeville with the said limits of three miles square; that all of said acts of acquiescence on the part of said relators occurred prior to the institution of this suit.

The court sustained plaintiffs' exceptions to these allegations.

It was said by this court in the case of Hunnicutt v. The State, that "the State's officer might file the information without relation, and in that case it would seem that his official statement, unsworn, would be sufficient to authorize a judge to direct an information to be filed."   A single individual may make the relation, and the effect of it will not be less if he unites with others who subsequently offer to withdraw; nor if the others could be properly permitted to withdraw would the case be changed.   A relation under oath may properly be relied upon

as the sole ground for beginning and permitting the prosecution of the case; but it does not result from this that the conduct and continued prosecution of the cause is any less under the exclusive control of the State's attorney and the court than it would have been if, upon facts sufficiently well known by the State's officer without the aid of an affidavit, it had been begun by the officer upon his own motion. But while the relators will not be permitted to take the control of the prosecution of the case from the State's attorney, they have no right, after a suit has been instituted at their instance, to withdraw from it and thus avoid any responsibilities that may properly attach to them as the result of their having connected themselves with it in the first place. We think that the relation was sufficient, and that the court did not err in refusing to a part of the relators permission to withdraw from it.

It may be very well questioned whether a suit of this character, otherwise properly brought and meritorious, can be defeated because the relators would be estopped if they were suing in their individual rights; but however that may be, we are of the opinion that as to the relator Alice Wilson, at least, there is nothing alleged that would estop her, and upon that ground alone the judgment of the court in sustaining plaintiffs' exceptions to the answer may be approved.

Appellants' only remaining assignment of error reads as follows: "It was proved on the trial of this cause, by evidence competent and uncontradicted.

"1.   That on the 16th day of January, 1890, the town of Beeville had more than 1000 inhabitants, and was on said date incorporated under the Revised Statutes of this State as a city of 1000 inhabitants or over, with limits and boundaries designated and fixed, and that all of the proceedings by which said incorporation was effected were regular and in accordance with the provisions of the statutes governing.

"2.   That from the date of the said incorporation the said city of Beeville has continuously up to this time performed all of the functions of a city of 1000 inhabitants or more, having, upon incorporation, regularly and legally elected a mayor, board of aldermen, and other officers, who qualified as such and performed all such duties as pertained to their respective offices; the taxes, ad valorem and occupation, were levied, collected, and expended by said city in its name; that ordinances for the prevention and punishment of crimes were passed by said city, and that said ordinances were enforced by offenders being arrested, tried, and imprisoned for the violation of the same; that control was taken over the streets and thoroughfares throughout said city limits; in short, that the government of the affairs of said city was completely in the hands of the said officers.

"3.   That the corporation of the city of Beeville was from the time of its said creation, and was on the 2d day of March, 1891, and has been since, recognized by the State of Texas as a legal and existing

corporation; that the Commissioners Court of Bee County surrendered to the said city its jurisdiction over the public roads and thoroughfares within the limits of said city, and recognized the right of said city to the exclusive control thereof; that the County Court of Bee County recognized the legality of said corporation by trying criminal cases appealed from the mayor's court of said city; that the county judge of Bee County surrendered to the administration of said city the management, control, and government of the free schools within its limits; that on the 2d day of March, 1891, and previous and subsequent thereto, said city of Beeville had a population of more than 1000 inhabitants.

"Under this proof, the court erred in holding that the curative act of the Twenty-second Legislature, entitled 'An act to amend chapter 1, title 17, of the Revised Civil Statutes of the State of Texas, by the addition thereto of article 340c,' did not apply and validate said incorporation, and consequently erred in dissolving said incorporation and ousting respondents."

The act here referred to reads as follows:

"Article 340c. All towns and cities of 1000 inhabitants or more which have heretofore attempted to accept the provisions of this title and to become incorporated cities of 1000 inhabitants or more, under the general laws of Texas, and have failed to comply with all the requirements of said general law, or which are not included within the literal meaning of those cities which are authorized to accept the provisions of said general law, and all towns and villages incorporated under chapter 11 of title 17 of the Revised Civil Statutes or by special charter or otherwise, but which now have 1000 inhabitants or more and which have heretofore attempted to accept the provisions of this title in lieu of their said town or village charter and become incorporated cities of 1000 inhabitants or more, but which said cities have from and after the dates of their several attempted incorporations and their several efforts to accept the provisions of this title exercised the functions of cities of the class named, and were by the State of Texas recognized as such cities, be and the same are hereby declared to be cities of 1000 inhabitants or more, and the several acts whereby they attempted to accept the provisions of said law are hereby in all things validated."

This statute does not control or relate to the issue involved in this case. It does not pretend to define what constitutes a city or town. It only refers to and affects the status of towns and cities proper that come within its terms. Some such towns and cities, about which there has been no controversy as to their limits including rural territory that could not be considered as being part of the town, have attempted to accept the provisions of the title referred to in the act, and their action in that respect was held void by the courts, either because the law did not authorize the procedure at all in the particular instance, or because its directions were not sufficiently adhered to. Harness v. The State,

76 Texas, 566; Largen v. The State, 76 Texas, 323; The State v. Dunson, 71 Texas, 65; Buford v. The State, 72 Texas, 182.

Until there is legislation prescribing some reasonable rule by which the limits of such municipal corporations may be determined otherwise than by their mere designation as cities and towns, this court will adhere to the conclusions announced in Ewing v. The State, 81 Texas, 172, and other cases.

The judgment is affirmed.

*Affirmed.*

Delivered December 18, 1891.