## CITY OF WEST UNIVERSITY PLACE et al. v. STATE ex rel. KIRBY et al.
### No. 9931.

Court of Civil Appeals of Texas. Galveston.

Dec. 6, 1932.

Rehearing Denied Jan. 12, 1933.

Robt. L. Sonfield and C. D. Jessup, both of Houston, and Sonfield & Sonfield, of Beaumont (Leon Sonfield, of Beaumont, of counsel), for appellants.

O'Brien Stevens, Cr. Dist. Atty., Cooper K. Ragan, W. M. Cleaves, and Walter F. Brown, all of Houston, for appellees.

LANE, Justice.

The state of Texas in a quo warranto proceeding, acting through the district attorney and upon relation of John H. Kirby, David Hannah, E. C. Barkley, trustee, and Port City Realty Company of Houston, as relators, brought this suit against the city of West University Place, a municipal corporation, and its mayor and commissioners, H. B. Schlesinger, mayor, H. C. Cockburn and Preston R. Plumb, commissioners, to have declared invalid an attempted annexation of certain territory by a purported ordinance passed by the city council of the city of West University Place on the 3d day of October, 1929.

Relators alleged that on October 3, 1929, a petition signed by J. A. Turner, T. V. Overton, M. D. Westchester Land Corporation, by E. C. Fantham, director, L. E. Blankenbecker and Mrs. L. E. Blankenbecker, was presented to the mayor of the city of West University Place asking that the territory described in such petition and the inhabitants thereof be annexed to the city of West University Place; that accompanying said petition was the following affidavit:

"The State of Texas, County of Harris.

"We, the undersigned, J. A. Turner, L. E. Blankenbecker, and Mrs. L. E. Blankenbecker, being duly sworn, depose and say that we are three of the signers of the foregoing petition who have voted the favor of becoming a part of the City of West University Place, and that the foregoing petition is signed by a majority of the inhabitants of the territory therein described and who are qualified to vote for members of the State Legislature and that by signing said petition each one of said signers has voted in favor of having said territory and the inhabitants thereof annexed to and become a part of the City of West University Place.

"J. A. Turner
"L. E. Blankenbecker
"Mrs. L. E. Blankenbecker

"Sworn to and subscribed before me this 30th day of September, A. D. 1929.

"Chas. H. T. Garlick,
"Notary Public in and for
Harris County, Texas."

They allege that such petition and affidavit was by said mayor presented to the city commissioners for their action thereupon; that said commissioners, on the 3d day of October, 1929, passed a purported ordinance reciting that it appeared to said commissioners the territory described adjoins the city; that it is not more than one-half mile in width and unincorporated; and that the petition is signed by more than a majority of the inhabitants of such territory so seeking annexation who are qualified to vote for members of the state Legislature of Texas; and that said territory is to be used strictly for city purposes.

Relators further alleged:

"That of the parties who signed said instrument of writing in the form of a petition to the Mayor and City Commission of the City of West University Place, Texas, as hereinabove set out, only said J. A. Turner was a bona fide resident of the territory described in said written instrument and petition at the time of its execution and at the time it was submitted to said Mayor and City Commission and acted upon by them, and at the time said ordinance was adopted, and that all of the other signatories to said instrument of writing and petition, namely E. C. Fantham, who purported to act for Westchester Land Corporation, T. V. Overton, L. E. Blankenbecker and Mrs. L. E. Blankenbecker, were not inhabitants of said territory; and that of said parties so signing said written instrument and petition only said J. A. Turner was an inhabitant qualified to vote for members of the State Legislature of said territory so described in said written instrument and petition; * * * and that of the three parties executing the affidavit attached to said instrument of writing in the

form of a petition to the Mayor and City Commission of the City of West University Place, namely J. A. Turner, L. E. Blankenbecker and Mrs. L. E. Blankenbecker, only J. A. Turner was qualified as an inhabitant and qualified to vote for members of the State Legislature of said territory described in said written instrument in the form of a petition, and that neither said L. E. Blankenbecker nor Mrs. L. E. Blankenbecker constituted such an inhabitant of such territory and such a qualified voter for members of the State Legislature of said territory as qualified them to execute said affidavit as required by the Texas statutes as a basis for the extension of the limits of the City of West University Place so as to embrace said territory described in said instrument of writing and petition; * * * that by reason of the facts hereinabove alleged said written instrument and petition hereinabove referred to and said affidavit attached thereto as a part hereof as hereinabove set forth were not executed in accordance with the statutes of this State and did not comprise the vote of the majority of the inhabitants qualified to vote for members of the Legislature of said territory and were not made by any three inhabitants qualified to vote for members of the State Legislature of said territory; and that, therefore, said written instrument and petition and said affidavit do not constitute a proper and legal basis and cannot be made such a basis for the ordinance hereinabove set forth having as its purpose the extension of the limits of the City of West University Place so as to embrace said territory so described in said written instrument and petition.

"That on or about the third day of October, 1929, H. B. Schlesinger, J. A. Walling and P. A. Lockrone, the then acting Mayor and Commissioners of the City of West University Place, entered into a conspiracy to extend the boundary of the City of West University Place with a view to so extending said boundaries as to embrace the lands described in the aforementioned written instrument and petition, each and all of said parties at the time being fully advised that the limits of said City of West University Place could not be legally and properly so extended, (1) because said territory embraced a tract of land immediately south of South Side Place and not adjoining the limits of said City of West University Place, and (2) because the limits of said City of West University Place could not be lawfully and properly extended so as to completely surround and embrace the territory known as South Side Place, which at the time of filing original petition still constituted unincorporated territory entirely outside the limits of the City of West University Place, and (3) because the territorial limits of said City of West University Place already embraced a full two square miles with a total population of much less than 2,000

inhabitants; and that if the purported extension should become effective the territorial area would much exceed two square miles and would still have a total population of much less than 2,000 inhabitants; and (4) because the area and territory contemplated to be annexed was wild and practically vacant and unimproved agricultural and grazing land unsusceptible of being legally and properly incorporated in any town or city within this State; and that said Mayor and Commissioners pursuant to said conspiracy and well knowing that there were not as many as three inhabitants qualified to vote for members of the State Legislature of said territory to vote for said incorporation, nevertheless, acting through themselves and through other officers, agents and employees of said City of West University Place, prepared said formal petition and said affidavit and said ordinance, and through various and sundry promises and representations to the parties signing said written instrument and petition secured the signatures of said parties to said written instrument and petition and to said affidavit; and that said conspiracy was conceived and executed not with any real and bona fide intent that said City of West University Place should for any property, city or town purposes serve the territory so desired to be annexed, but for the sole and only purpose of attempting to incorporate said territory into the City of West University Place in order that the taxable values of the annexed territory would augment the taxable values of said City of West University Place and would become subject to excessive and confiscatory tax liens whereby the owners of said property so desired to be incorporated in the city limits of said City of West University Place would become subject to grossly excessive, unreasonable and unlawful tax burdens on account of said territory so to be annexed, and which excessive, unreasonable and unjust tax burdens, if permitted to attach to said property, would constitute a taking of private property from the owners thereof without due process of law, unjustly, illegally and in violation of the laws of the State of Texas and of the United States of America."

They allege that relators were severally owners of several portions of the territory sought to be annexed and are therefore interested in the subject-matter of the suit. They allege that all proceedings by which annexation of the territory was sought are null and void.

They allege: The 260 acres sought to be annexed at the time the purported annexation was made were only partially inhabited, and it contained only one person qualified to vote for members of the state Legislature, to wit, J. A. Turner, who owns less than one and one-fifth acres of land. That a fraudulent attempt has been made by the city council by their proceedings to include in the ter-

ritory proposed to be annexed only agricultural land which is not adaptable for nor intended to be used for town purposes. "That all the above facts were well known to the city commissioners of West University Place at the time of the purported extension, and that said city commissioners acted fraudulently and corruptly in attempting to defeat the laws of this State, and perpetrated a fraud on the owners of the lands embraced in said purported extension by attempting to annex said lands to the City of West University Place without any authority of law; * * * that as a matter of fact the purported petition for extension did not come from any qualified voter who desired to be annexed, but was prepared and circulated by representatives of West University Place Commissioners who operated under the instructions and directions expressed and implied of the Commissioners of West University Place." That J. A. Turner, the only qualified voter residing in the proposed annexed territory who signed the petition, was fraudulently induced to so sign by promises made to him by members of the city commission, and its agents, which he believed to be true, but which were untrue. That neither Mr. nor Mrs. L. E. Blankenbecker who signed the petition for annexation were qualified voters, nor were either of them residents of the territory sought to be annexed. That they were also fraudulently induced to sign said petition. That neither Overton, Fantham, nor Westchester Corporation were at any time inhabitants of said territory. That the members of the city council of said city joined in a conspiracy to wrongfully annex said territory wholly without authority of law.

The prayer of the state, acting by the district attorney of Harris county, Tex., upon the relation of the owners of parts of the territory in question, is:

"That the purported ordinance of the City of West University Place * * * be declared null and void and that the territory described in said instrument of writing and petition be declared no part of said City of West University Place, Texas, and that the said City of West University Place and the Mayor, Commissioners, officers, agents and employees of said City be decreed to have no jurisdiction, power or authority of any kind or character over the said territory, or any part thereof, and that petitioner have such further and other relief, both general and special, in law and in equity to which it may show itself justly entitled.

"That a writ of injunction issue herein restraining said Mayor and Commissioners of the City of West University Place, and each and all of them, from exercising jurisdiction over the land and territory described in said instrument in writing and petition."

Respondents answered by a general demurrer and by numerous special exceptions to the allegations of the relators above stated, all of which were by the court overruled.

They also averred that it affirmatively appears from said ordinance and said proceedings that the city council of the city of West University Place inquired into and found all of the essential facts necessary to the legal annexation of said territory; that, in making such inquiries and findings, the city council acted in a quasi judicial capacity; that, as there is no appeal provided by law from such findings, such acts are final and conclusive upon the courts, therefore the court is without jurisdiction to in any manner review such proceedings or to inquire into the legality thereof. They also made general denial of all the allegations of Relators.

The case was tried before a jury upon the following special issues: First, did either Mr. L. E. Blankenbecker or Mrs. L. E. Blankenbecker pay their poll tax for the year 1928 before February, 1929? Second, were either Mr. Blankenbecker or Mrs. Blankenbecker inhabitants of the territory described in the petition for annexation at the time such petition was signed and presented to the city council of West University Place? Both issues were answered in the negative.

Upon the findings of the jury and the evidence, the court rendered judgment decreeing that the ordinance described in plaintiffs' petition be declared and held null and void, and that the territory sought to be annexed by said ordinance be declared to be no part of the city of West University Place. From such judgment respondents have appealed.

Reducing appellants' contentions for reversal to their ultimate, they are: First, that this suit cannot be maintained, as it is a suit attempting an attack on the action of the city of West University Place in annexing the territory in dispute by private individuals not joined in by the state of Texas, since the district attorney of Harris county, Tex., had no authority under the laws of this state to join in a suit of this character as an authorized representative of the state so as to constitute it as a quo warranto proceeding. Second, that the trial court and this court are without power or authority to inquire into or to review the proceedings of the city commission of the city of West University Place as to whether or not the persons who signed the petition for annexation and the affidavit in connection therewith were inhabitants of the territory proposed to be annexed and qualified to vote for members of the state Legislature, or of any other facts relating to such annexation proceedings, in that the action of the city commission was final and conclusive on the courts. Therefore the court erred in not sustaining appellants' general demurrer and special exceptions to the plaintiffs' petition. Third, that there were neither pleadings nor evidence authorizing the court to submit to the jury

the special issues submitted. We overrule all of such contentions.

■ The district attorney of Harris county presented a petition to the district court of said county praying for leave to file an information in the nature of a quo warranto in the name of the state of Texas. Such prayer was by said court granted, and the filing of the plaintiffs' petition in this case followed.

By article 6253, Revised Civil Statutes of 1925, it is provided that, if any corporation exercises power not conferred by law, the Attorney General or district or county attorney of the proper county or district, or either, of his own accord or at the instance of any individual relator, may present a petition to the district court of the proper county, or any judge thereof, for leave to file an information in the nature of a quo warranto in the name of the state of Texas, and, if the court or judge is satisfied that there is probable ground for the proceeding, he shall grant such request.

It has been held that the article referred to applies to municipal corporations. Ex parte Keeling, 54 Tex. Cr. R. 118, 121 S. W. 605, 130 Am. St. Rep. 884; City of Carthage v. Burton, 51 Tex. Civ. App. 195, 111 S. W. 440.

It is well settled that a district attorney, in proceedings such as in the present case, may prosecute the same in the nature of a quo warranto. State v. Nelson (Tex. Civ. App.) 170 S. W. 814; Mathews v. State, 82 Tex. 577, 18 S. W. 711; State v. Goodwin, 69 Tex. 55, 5 S. W. 678; State v. Etheridge (Tex. Com. App.) 32 S.W.(2d) 828; Ewing v. State, 81 Tex. 172, 16 S. W. 872; City of East Dallas v. State, 73 Tex. 371, 11 S. W. 1030.

■ The trial court did not err in refusing to sustain the general demurrer and special exceptions addressed to the allegations of the plaintiffs' petition which we have stated in our preliminary statement. The commission of the city of University Place was undertaking to annex the territory in question to said city by virtue of authority conferred by article 974, Revised Civil Statutes of 1925, which provides as follows: "When a majority of the inhabitants qualified to vote for members of the State legislature of any territory adjoining the limits of any city incorporated under, or accepting the provisions of, this title, to the extent of one-half mile in width, shall vote in favor of becoming a part of said city, any three of them may make affidavit to the fact to be filed before the mayor, who shall certify the same to the city council of said city. The said city council may, by ordinance, receive them as part of said city; from thenceforth the territory so received shall be a part of said city."

It is clear that no authority is by article 974 conferred upon the city commission of University Place, a city of less than 2,000 inhabitants, to annex the territory sought to be annexed, unless a majority of the inhabitants of such territory vote in favor of becoming a part of said city, and unless at least three of such qualified inhabitants make an affidavit to the facts to be filed before the mayor, and that until such vote is had and affidavit is made and presented, the city council has no legal authority to annex such territory by ordinance.

■ Appellants, however, contend that, as the city council, sitting as a quasi judicial body, has recited in an ordinance that the necessary steps for annexation had taken place, the courts had no authority to inquire whether or not the prerequisites prescribed in article 974 existed.

It is apparent from the provisions of article 974 that the city council of the city of West University Place is permitted, not required, to annex territory one-half mile in width upon a vote or petition of a majority of the inhabitants of such territory who are qualified voters for members of the state Legislature, and then only when such petition is sworn to by at least three of such inhabitants. In such case the city council may accept the affidavit of the three persons as true, and it is not required to inquire into the truth thereof; no judicial power, in such case, is conferred upon the city council as is done upon courts.

■ Whenever authority is conferred upon a court to determine the facts involved in the subject-matter of inquiry, some provision is made for notice to be given to all parties adversely interested to the proponents or plaintiffs. In the proceedings for annexation under article 974, however, no such notice is required, and in the case before us no such notice was given. So, then, the attempt to annex property of relators to the city of West University Place was made without due process of law.

The city council, in the present case, in its attempt to annex the territory in question, was not acting in a quasi judicial or any other judicial capacity.

■ We repeat: The statute gives the city council no authority to make any investigation for the purpose of determining whether the territory seeking annexation contains the requisite number of qualified voters, or whether a majority of such voters have voted in favor of annexation, nor to determine whether or not the petitioners and affiants were inhabitants of such territory. The city council is not given any power to hear evidence and judicially decide whether the territory seeking annexation possesses the necessary prerequisites. Since the parties who made the proposition for the annexation had no authority to submit such proposition, the council is without power to accept the proposition and annex such territory.

It has frequently been held that the action of the city council in similar cases is not conclusive on the courts. City of East Dallas v. State, 73 Tex. 371, 11 S. W. 1030; State v. Eidson, 76 Tex. 302, 13 S. W. 263, 7 L. R. A. 733; State v. Stein (Tex. Com. App.) 26 S.W. (2d) 182, 192; State v. Huntsaker (Tex. Civ. App.) 17 S.W.(2d) 63; State v. Hellman, 120 Tex. 282, 36 S.W.(2d) 1002; State v. Hoard, 94 Tex. 527, 62 S. W. 1054.

In City of East Dallas v. State, 73 Tex. 371, 11 S. W. 1030, 1032, Judge Gaines, speaking for our Supreme Court, said: "There is a tendency on the part of thriving and ambitious cities to extend the limits of the municipality beyond the urban population, and to subject to taxation persons and property who neither need nor receive any protection from the city government. It is reasonable to presume that the legislature intended to restrain this tendency, and it seems to us that in the provision under consideration they have placed a very proper limitation upon the power of annexing territory. We are of opinion, therefore, that the statute did not authorize the addition of territory more than a half a mile wide, and that the proceedings by which the territory was sought to be annexed in this case are void."

We have reached the conclusion that there was ample evidence to support the findings of the jury that neither Mr. nor Mrs. Blankenbecker were qualified voters in the territory seeking to be annexed, and that neither of them was an inhabitant of such territory.

The undisputed evidence shows that none of the other petitioners and affiants, except J. A. Turner, was either a qualified voter or inhabitant of such territory.

For the reasons above expressed, the judgment is affirmed.

Affirmed.