The CITY OF LINDALE, Texas, Appellant,

v.

Jamie SITTON et al., Appellees.

No. 434.

Court of Civil Appeals of Texas.

Tyler.

Oct. 16, 1969.

Rehearing Denied Nov. 13, 1969.

Gary D. Jackson, Arlington, Troy V. Smith, Smith & Smith, Tyler, for appellant.

Jack K. Allen, Tomas G. Pollard, Jr., Tyler, for appellees.

MOORE, Justice.

Appellees, Jamie Sitton and others, instituted this suit against appellant, the City of Lindale, challenging the validity of a certain annexation ordinance. Appellees alleged in their petition that the order of annexation was void for two reasons. First, because no election was held by the qualified voters in the area sought to be annexed as provided for in Article 974, Vernon's Annotated Texas Civil Statutes, and secondly, that the annexation ordinance was void because it was not passed for the purpose of promoting the general health, safety and welfare of the persons residing within and adjacent to the City, as required by Article 970a, V.A.T.S., but was passed for the sole purpose of extending the corporate limits to Interstate Highway 20. The City of Lindale answered and directed numerous Special Exceptions to the appellees' petition, asserting that the appellees' pleadings failed to state a cause of action because the City was authorized to annex additional territory without an election under the provisions of Article 970a, supra, and that the proof of facts showing that the ordinance promoted the health and general welfare of persons within and adjacent to the City was not a prerequisite to the validity of the ordinance. The trial court, sitting without a jury, overruled the appellant's Special Exceptions and after hearing the evidence rendered judgment for the appellees decreeing the annexation ordinance to be null and void. The City of Lindale perfected this appeal.

Article 970a, entitled the "Municipal Annexation Act," hereinafter referred to as the "Act," was enacted by the 58th Legislature in 1963. It provides, in part, as follows:

"Sec. 2. For the purposes of this Article, the following words shall have the meanings ascribed to them:

"A. 'City' or 'Cities' means any incorporated city, town or village in the State of Texas.

\* \* \* \* \* \*

"Sec. 3. A. In order to promote and protect the general health, safety, and welfare of persons residing within and adjacent to the cities of this State, the Legislature of the State of Texas declares it to be the policy of the State of Texas that the unincorporated area, not a part of any other city, which is contiguous to the corporate limits of any city, to the extent described herein, shall comprise and be known as the extraterritorial jurisdiction of the various popula-

tion classes of cities in the State and shall be as follows:

"(1) The extraterritorial jurisdiction of any city having a population of less than five thousand (5,000) inhabitants shall consist of all the contiguous unincorporated area, not a part of any other city, within one half (½) mile of the corporate limits of such city.

\* \* \* \* \* \*

"Sec. 7. A. A city may annex territory only within the confines of its extraterritorial jurisdiction; provided, however, that such limitation shall not apply to the annexation of property owned by the city annexing the same.

"B. A city may annex in any one calendar year only territory equivalent in size to ten per cent (10%) of the total corporate area of such city as of the first day of that calendar year. \* \* \* "

The Act also provides for notice and a public hearing prior to annexation and provides that the annexation must be brought to completion within ninety days of the date the governing body institutes annexation proceedings.

Article 974, which was enacted by the Legislature in 1875, provides as follows:

"When a majority of the inhabitants qualified to vote for members of the State legislature of any territory adjoining the limits of any city incorporated under, or accepting the provisions of, this title, to the extent of one-half mile in width, shall vote in favor of becoming a part of said city, any three of them may make affidavit to the fact to be filed before the mayor, who shall certify the same to the city council of said city. \* \* \*"

The facts are not in dispute. The cause was submitted to the trial court upon an agreed Statement of Facts, the substance of which is as follows: The City of Lindale is a general law municipal corporation, duly incorporated under the provisions of law governing general law cities in this state and has a population of less than 2,000 inhabitants. The area within the corporate limits of the city immediately prior to the enactment of the annexing ordinance in question contained approximately 900 acres. The city council of the City of Lindale, pursuant to the requirements of the Texas Municipal Annexation Act, Art. 970a, supra, after giving proper notice of such proposed annexation, conducted a hearing thereon and thereafter enacted the ordinance in question annexing the 78.911 acres to the corporate limits of the city; the territory annexed was within one-half mile and contiguous to the corporate limits of the city and was in all respects within the confines of its extraterritorial jurisdiction; that at the time of the annexation, the territory in dispute had not been legally expropriated by any other municipal corporation. It was further agreed that the appellees, Jamie Sitton and G. D. Sitton, owned real property located within the 78.911 acre tract; that both of the appellees live on the land owned by them and are qualified to vote for members of the State Legislature; that they both appeared before the city council of the City of Lindale at the public hearing called by the council to hear interested persons in regard to the proposed annexation of the 78.911 acre tract and both expressed opposition to the proposition; that several other persons appeared at the public hearing and also expressed opposition to the proposed annexation although none of these other persons were residents or owned property within the proposed property to be annexed; that none of the residents who owned property within the proposed area of annexation have ever expressed a desire to have their property annexed to the city; that at no time have any three or any one of the qualified voters who are inhabitants of the said 78.911 acres made an affidavit to the mayor of the City of Lindale or filed any statement with the City asserting that the majority of the inhabitants qualified to vote for the members of the State Legislature had voted in favor of becoming a part

of the City of Lindale, and that no election thereon had ever been held by the inhabitants of the area. It was also stipulated that the ordinance annexing the 78.911 acres was duly enacted by the City of Lindale on March 27, 1968.

It was further stipulated and agreed that in previous years, the City of Lindale had extended its territorial limits in a southerly direction by annexing several narrow strips of land varying in width from approximately 800 feet to 3000 feet, lying on each side of U. S. Highway 69 for a distance of approximately two miles. The 78.911 acre tract annexed by the ordinance in question is admittedly contiguous to and lies immediately south of the narrow strip theretofore annexed and lies on both sides of U. S. Highway 69, so that after the annexation, the corporate limits of the City extended to Interstate Highway 20.

Findings of fact and conclusions of law were filed by the trial court. The basis of the trial court's ruling striking down the ordinance is set forth in the conclusions of law as follows: "The court concludes as a matter of law that a city such as Lindale should not be permitted under the statute which provides that such extension of limits should be for the specific purpose of promoting and protecting the general health, safety and welfare of the persons residing in said territory to use said statute as a device to project over a period of years corporate limits for the sole purpose of incorporating valuable property rather than for the purposes provided by the statute." The judgment recites that: "* * * the Court finds that the attempted act of annexation by The City of Lindale, Texas of said 78.911 acres of land as described in the Plaintiffs' Petition does not comport with Article 970a of the Revised Civil Statutes of Texas, the Statute under which such annexation was attempted to be made in that there was no evidence presented or included in the stipulation of facts showing that any of the purposes for which annexation of property

by a City under such statute existed which could or would justify such annexation."

By the first point of error, the appellant complains of the action of the trial court in overruling its plea in abatement. Appellant admits in oral argument, however, that the error, if any, was rendered immaterial by a subsequent ruling of the court. Under these circumstances, any discussion of this point would be purely academic and unnecessary.

By the second point, appellant contends that the trial court erred in overruling its special exceptions to the petition wherein appellees alleged that the ordinance was void because no election had been held by the qualified voters in the area to be annexed requesting annexation. Appellees seek to uphold the court's ruling by asserting that the provisions of Art. 974, supra, require election by the qualified voters as a prerequisite to annexation in all cities operating under the general law, and that Article 970a did not dispense with such requirement. Consequently, appellees argue that their petition was sufficient to state a cause of action and that the action of the trial court in overruling the special exceptions was proper. We have concluded that no election was necessary and that the petition was subject to the special exceptions leveled by appellant.

Prior to the Municipal Annexation Act, Art. 970a, general law cities such as Lindale, as distinguished from home-rule cities (regulated by Art. 1175, V.A.T.S.) were prohibited from annexing additional territory unless a majority of the qualified voters therein voted in favor thereof and an affidavit of such fact was filed with the mayor of such city. Art. 974, V.A.T. S.; City of West University Place v. State, 56 S.W.2d 1081 (Galveston, Tex. Civ.App., writ ref.).

■ A review of the provisions of the Municipal Annexation Act reveals that it was the purpose and intent of the Legislature to pass a comprehensive law empowering any city, whether a general law city

or a home-rule city, to annex additional territory. The language of the statute, we think, makes it clear that the Legislature intended to change the existing law and bestow upon cities such as Lindale, with a population of less than 5,000 inhabitants, the full power and authority to annex any territory lying within its extraterritorial jurisdiction as defined by the Act without the necessity of an election. The procedure for annexation is set forth in the statute. The only limitations, other than those requiring public notice and a public hearing, are that the area to be annexed must be a contiguous, unincorporated area, and not a part of any other city within one-half mile of the corporate limits of such city. Thus, we think the Act had the effect of expanding the power of cities of the size of Lindale to annex additional territory by the unilateral act of the governing body. While it is true the Act did not repeal the provisions of Article 974 requiring an election by the qualified voters in the area to be annexed, no conflict exists between the two statutes because they stand in pari materia and when construed together may be reconciled.

■ The rule governing the interpretation of statutes standing in pari materia is stated in 53 Tex.Jur.2d, pages 280–283, Sec. 186, thusly:

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy."

■ Upon applying the foregoing principles, it is apparent, we think, that no conflict exists between Article 974 and Article 970a because the former merely limited the City's power to a bi-lateral or a voluntary method of annexation where both the consent of the City and the inhabitants of the area to be annexed was required, while the latter, although not prohibiting voluntary annexation, had the effect of expanding the power of the City to make an involuntary annexation by the unilateral act by the governing body. That such was the intent of the Legislature is demonstrated by the provisions of Section 7, subd. B of the Act. This section provides that in computing the total amount of territory which may be annexed in any one calendar year, there shall be excluded from such ten per cent all the territory which had previously been annexed during the year at the request of a majority of the voters residing in the territory. Thus, by excluding from the ten per cent maximum allowed by the law, all territory of which had theretofore been voluntarily annexed, it must be concluded that the Legislature continued to recognize the power of cities to annex additional territory by voluntary methods and to grant them the additional power to annex by involuntary methods. While we have been unable to find any case so holding and have been cited none, we are convinced that the language of the statute makes it clear that it was the legislative intent and purpose to empower cities of less than 5,000 inhabitants, such as Lindale, to unilaterally annex territory within its extraterritorial jurisdiction as defined by the Act, without an election or the consent of the inhabitants within the territory to be annexed. If this interpretation be correct, it follows that appellant's special exceptions to the petition should have been sustained.

By a third point appellant contends that the trial court erred in striking down the ordinance on the ground that the City failed to prove that the annexation would, in fact, promote the health and general welfare of the persons residing in and adjacent to the City. Appellant contends that Article 970a had the effect of conferring legislative powers upon cities to determine whether the annexation would pro-

mote the health and general welfare and that the legislative determination of such facts is not subject to being revised by the judicial power of the courts.

There is no dispute that the City, in the exercise of its police power under the authority of Article 970a, had authority to promulgate an ordinance annexing the area in question in order to promote and protect the health, safety and general welfare of persons within and adjacent to the City. The constitutionality of the Act has not been challenged.

Appellees contend that the judgment striking down the ordinance was proper because the City failed to prove that the ordinance bore any reasonable relationship to the public health, safety and general welfare of the people residing in and adjacent to the City. They take the position that the evidence shows that the ordinance was passed for the sole purpose of extending the corporate limits of the City to Interstate Highway 20.

■ It is well settled that a city, in passing annexation ordinances, acts in the exercise of its legislative powers, and its ordinances are presumed to be valid. City of Waxahachie v. Watkins, 1955, 154 Tex. 206, 275 S.W.2d 477; Town of Ascarate v. Villalobos, 1949, 148 Tex. 254, 223 S.W.2d 945; City of Bellaire v. Lamkin, 159 Tex. 141, 317 S.W.2d 43, 66 A.L.R.2d 1289. As pointed out in the last cited case:

" 'Courts are thus reluctant to disturb legislative action if the subject matter involved lies within the police power and will not do so unless it clearly appears that the regulation is unnecessary and unreasonable and not justified by the facts. If there is room for a fair difference of opinion as to the necessity and reasonableness of a legislative enactment or ordinance on a subject which lies within the police power, the courts will not hold it void. 16 C.J.S. Constitutional Law § 198, page 569. * * *' "

■ One who asserts the invalidity of an annexation ordinance has the burden of establishing such contention. City of Bellaire v. Lamkin, supra.

■■ In our case, the only evidence offered by the appellees was a map showing that the City had, in prior years, annexed a long narrow strip pointing in a southerly direction toward Interstate Highway 20, and that by annexing the present tract, the corporate city limits would extend to said highway. The issue to be determined by the court was whether or not the annexation bore any reasonable relationship to the health, safety and general welfare of the people residing within and adjacent to the City. The mere fact that the City may have desired to extend its city limits to the interstate highway constitutes no proof that the annexation would not promote the health, safety and general welfare of the people residing within or adjacent to the City. At most, such evidence showed only the motive for the annexation. Courts are not concerned with the motives of the governing bodies of cities in the exercise of legislative power. City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928, 930; City of Pasadena v. Houston Endowment, Inc., 438 S.W.2d 152 (Tex.Civ.App., Houston, 1969).

■ As we view the record, appellees did not produce evidence showing, as a matter of law, that the ordinance annexing the territory had no reasonable relationship to the public health, safety and general welfare of the persons residing within or adjacent to the City. Therefore, the action of the City in promulgating the ordinance was within the discretionary power conferred upon the city council of the City of Lindale in the exercise of its legislative power.

For the reasons stated, the judgment of the trial court is reversed and judgment is hereby rendered in favor of appellant, the City of Lindale.