Jimmy L. GIFFORD et al., Appellants,

v.

The STATE of Texas ex rel. James L. LILLY et al., Appellees.

No. 5408.

Court of Civil Appeals of Texas, Waco.

Feb. 13, 1975.

Everett H. O'Dowd, Waco, for appellants.

Lyndon Olson, W. Earl Bracken, Jr., City Atty., Waco, for appellees.

HALL, Justice.

With the trial court's permission, the Criminal District Attorney of McLennan County brought this quo warranto proceeding in the name of the State of Texas, upon the relation of James L. Lilly and others, seeking a declaration that the incorporation of the City of Gholson is void and an order ousting the mayor and councilmen of said city. Following a trial with a jury, judgment was rendered on the verdict granting the relief sought by the State and the relators.

Neither the state's information nor its petition on behalf of the relators, which were incorporated in a single instrument, was verified.

Appellants asserted on the trial, as they do here, that the trial court was without jurisdiction for these two reasons: (1) the information and petition were not sworn to, and (2) only the Attorney General of Texas is authorized by law to bring this suit. We overrule these contentions and affirm the judgment.

Article 6253, Vernon's Ann.Tex.Civ.St., provides in part as follows: "If . . . any association of persons shall act within this State as a corporation without being legally incorporated . . . the Attorney General, or district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator, may present a petition to the district court of the proper county . . . for leave to file an information in the nature of a quo warranto in the name of the State of Texas. If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue." This statute was first enacted in our state as Section 1 of Acts 1879, S. S. p. 43, G.L.Vol. 9, p. 75, and has come to us without change since that time.

An action in quo warranto under Article 6253 is a proper procedure for contesting the validity of an incorporation of a city, town or village. *Ellis v. State,* (Tex. Civ.App.—Dallas, 1964, no writ hist.) 383 S.W.2d 635, 637. Indeed, it is the exclusive remedy by which the legality of the existence and organization of a de facto municipal corporation may be questioned. *Walling v. North Central Texas Mun. Water Auth.,* 162 Tex. 527, 348 S.W.2d 532, 533 (1961). As shown above, the statute expressly authorizes a district attorney of the

proper county, as well as the Attorney General or a county attorney, to bring the action. It is provided in Article 326k–1, Vernon's Ann.Tex.Civ.St., that the Criminal District Attorney of McLennan County shall have and exercise all powers, duties and privileges within such county that are by law conferred upon District and County Attorneys.

Article 6253 does not by its terms require that the petition or information filed thereunder bear an affidavit, a fact recognized by our Supreme Court in *Hunnicutt v. State,* 75 Tex. 233, 12 S.W. 106, 108 (1889). In the *Hunnicutt* case, and in *Matthews v. State,* 82 Tex. 577, 18 S.W. 711, 712 (1891), the court stated by way of dictum that the unverified information of the state's attorney is sufficient pleading upon which to base a case of this nature. However, in *Hunnicutt* and in *City of East Dallas v. State,* 73 Tex. 371, 11 S.W. 1030, 1031 (1889), there are statements, also by way of dictum, that the petition and information should be sworn to. Upon the basis of this dictum, some textwriters have said that it is "the better practice" to swear to the petition and information. Lowe, *Remedies,* 6A Texas Practice 110, Sec. 1241, Quo Warranto (1973); 47 Tex.Jur.2d 584, Quo Warranto, Sec. 18. Form books recommend it. To do so would undoubtedly provide additional assurance to the trial court whose permission is being sought for the filing of the information that facts exist which make its filing necessary or proper, and for this reason verification might well be the better practice. But is it a jurisdictional requisite which cannot be waived by the trial court?

This suit is a civil proceeding governed by the rules applicable to all civil actions. Rule 781, Vernon's Texas Rules of Civil Procedure. As we have said, Article 6253 does not require that the petition or information filed herein be sworn to. No other statute and no rule requires it. We have not been cited a single authority, nor have we found one, which holds that such verification is jurisdictional. We hold that it is not.

Appellants' points and contentions are overruled. The judgment is affirmed.